CHILDRESS VS M'CULLOUGH and RICHARDSON.

*As to joinder of several defendants, in covenant.*

1. Two, covenanting with another, by distinct and separate writings,—the one for the performance of several duties, and the other to become the surety of the other, to the performance of *his* covenants,—cannot be joined in the same action, to recover for a breach.

In error to the Circuit Court of Tuskaloosa county.

James Childress complained of James M'Cullough and John Richardson, in an action of covenant—"For that whereas, on the twenty-ninth day of January, eighteen hundred and thirty-three, at the county aforesaid, the defendant, James M'Cullough, by his certain writing, signed with his hand, and sealed with his seal, and which is now here shewn to the Court—the date whereof, is the same day and year aforesaid, covenanted and agreed to, and with the said plaintiff, in manner following in substance, to wit:

"These articles of agreement, between James Childress of the one part, and James M'Cullough of the other part, witnesseth: that the said James Childress has leased unto the said M'Cullough, for the term of two years, from the first day of January, eighteen hundred and thirty three, his plantation, situated on the Warrior river, five miles below the town of Tuskaloosa; together with the planta-

tion tools, all the stock of cattle and hogs, four mules, one blind horse, and the following negro slaves, to wit : Bill, Isaac, Argus, Lawson, Ben, Bob, Frank, Charles, Abner, Moses, Little Bill, Sandy, Catharine, Soloman, Sarah, Judy, Rhody, Jenny, Rachel, Anny, Hannah, Patience, Eliza, Louisa and Mary.

In consideration of the premises, the said M'Cullough agrees to pay to the said Childress, two thousand dollars, on the first day of February, eighteen hundred and thirty-four, and two thousand dollars, on the first day of February, eighteen hundred and thirty-five : He is also to pay the said Childress twelve thousand pounds of good pork, one half in December next, and the other half in December, eighteen hundred and thirty-four; he is to pay said Childress, four thousand bushels good sound corn, and twelve thousand pounds good fodder, one half of each to be paid in October next, and the other half of each, in October, eighteen hundred and thirty-four : M'Cullough is to have one half of the increase of the cattle, and is to furnish Childress constantly with three milch cows.

"At the end of the lease above made, M'cullough is to return to Childress, the same amount of hogs, which he now receives; and also, the same amount of cattle, together with one half their increase. M'Cullough is to furnish each of the male slaves, above named, with three shirts, three pair of pantaloons, a roundabout, a hat, blanket and pair of shoes; and the women with three shirts, three frocks, a blanket, hat and pair of shoes, annually. M'Cullough is to pay the State and county tax, on the above named negroes and physician's bill, for

attending any of said slaves in sickness; each of the negroes is to have three pounds of bacon, and one peck of meal per week. M'Cullough is to find provisions for the children of Anny and Hannah, and Childress, to furnish them with clothes. M'Cullough is to have the privilege of clearing as much land as he may wish, on the upper part of the plantation. He is to return the plantation in good repair, at the expiration of the lease, and build a picket fence, running north and south, on the lower part of the plantation. He is to return the plantation, negroes, tools, mules, cattle, hogs, and all things hereby leased, to the said Childress, on the first day of January, eighteen hundred and thirty-five. It is expressly understood, that if on the first day of February, eighteen hundred and thirty-four, the said M'Cullough shall be in default, as respects any of the things by him undertaken to be done, on that or any previous day, the said Childress shall have the privilege then, or any time, to enter upon said plantation, and take possession of all things hereby leased, and to declare said lease at an end and expired. The negroes are not to be taken off the plantation to be worked, without the consent or permission of the said Childress.

"M'Cullough is to re-set the fence, inclosing the ground at Childress's residence, putting four new rails in each pannel, and to cut and take care of the oats, which may be raised on said ground last named. In order to secure the fulfilment of the stipulations of the said M'Cullough, he agrees to execute his promissory notes, with security for the money, corn and pork, by him agreed to be paid, as

CHILDRESS *vs* M'CULLOUGH.

above stated. In witness of all which, the parties have hereunto affixed their hands and seals, this nineteenth day of January, eighteen hundred and thirty-three.

JAMES CHILDRESS, [L. S.]

JAMES M'CULLOUGH, [L. S.]

Test, THOMAS B. CHILDRESS."

"And whereas, afterwards, to wit, on the twentieth day of September, eighteen hundred and thirty-three, at the county aforesaid, by a certain other writing, signed with their hands, and sealed with their seals, and now here to the Court shown, the date whereof is the same day and year aforesaid, in relation to, and in futherance and continuance of the first original contract and agreement, in the previous part of this declaration mentioned, and in substance hereinafter set forth, did covenant and agree to, and with each other, in substance as follows, to wit:

"Whereas, an agreement was entered into by James Childress and James M'Cullough, on the twenty-ninth day of January, eighteen hundred and thirty-three, by which the said Childress leased unto the said M'Cullough, his plantation, negroes, mules, stock, &c. And among other matters, set forth in the said agreement, the said M'Cullough bound himself, in order to secure the fulfilment of the stipulations of (him,) the said M'Cullough, and agreed to execute his promissory notes, with security, for the money, corn and pork, by him agreed to paid, in said contract: And whereas, the said M'Cullough failed to give the security so mention-

5 P. 8

ed and agreed in the said contract; but gave his own promissory notes, which bear date on the seventh day of March, eighteen hundred and thirty-three, and on the same day, the said Childress and M'Cullough, entered into an agreement, by which the said M'Cullough, conveyed to the said Childress, certain property therein mentioned, belonging to him, M'Cullough, and also gave him a lien on the crops to be made: all of which will more fully appear by reference to said agreement.

"And whereas, the said M'Cullough is desirous of securing the said Childress, more fully in the performance of the first mentioned contract, has this day made and executed his promissory notes, with —— Richardson, as his security. It is expressly understood that the said notes, with the said Richardson as security, are given as collateral security, to the said Childress, to secure the full compliance and performance of the contract before recited, and not in discharge or payment of any of the said contracts, or of the notes given by the said M'Cullough.

In witness whereof, the said Childress and M'Cullough, have this twentieth day of September, eighteen hundred and thirty-three, signed their names, and affixed their seals.

"JAMES CHILDRESS, [L. S.]
"JAMES M'CULLOUGH, [L. S.]

"And whereas, afterwards, to wit, on the ——day of September, eighteen hundred and thirty-three, at the Circuit and County aforesaid, to wit, on the same day and year of the date and execution of the last mentioned agreement, the said de-

fendant, John Richardson, by his certain writing, obligatory, under seal, and signed with his hand, and here now to the Court shewn,—the date whereof, is not stated, as of the day aforesaid, but "*September*, 1833,"—by which said last mentioned obligation, he contracted, agreed and covenanted, in substance, as follows, to wit:

*September*, 1833.—I have this day executed my promissory notes to James Childress, as the security of James M'Cullough, for the payment of the money, corn and pork, stipulated to be given by him, in a contract entered into by the said Childress and the said M'Cullough, for the lease of his plantation, negroes, stock, &c. dated on the twenty-ninth of January, eighteen hundred and thirty-three. I agree and hereby bind myself, to become the surety of the said M'Cullough, for the performance of his part of the said contract, besides the giving the notes. The notes above recited are for the payment of money, &c. and will be due Childress, for the present year, and my undertaking as his further security, extends no further than to the performance of the contract, by M'Cullough, in the present year.

In witness whereof, I have hereunto set my hand and seal.                    JOHN RICHARDSON. [L. S.]

By virtue of which said first mentioned covenant, between said plaintiff and the defendant, the said defendant, McCullough, on the first day of January, eighteen hundred and thirty-three, on the premises therein described, entered and took the possession of all and singular the premises therein named, with the appurtenances, as well also the slaves, cat-

tle, mules, hogs, horses, and farming utensils or tools, in said deed or covenant set forth and described, or referred to by the same, and of the premises and appurtenances, slaves, cattle, mules, hogs, horses, and plantation utensils or tools, became and was possessed thereof according to the tenor and effect of the said agreement or covenant last referred to. And although the said plaintiff hath always from the time of making said agreement, hitherto well and truly performed, fulfilled and kept all things in said agreement contained on his part and behalf, to be performed, fulfilled and kept, according to the tenor and effect, true intent and meaning of said agreement, to-wit, at —— aforesaid; yet protesting that the said defendant, McCullough, or the defendant, John Richardson, as security on his part, hath not performed, fulfilled or kept any thing in said agreement contained, on their part and behalf to be fulfilled, performed and kept, according to the effect, tenor, and true intent and meaning of the said several instruments, obligations or agreements in writing herein before in substance set forth, as signed, and by the parties therein designated and described. And the said plaintiff avers, that the said defendant, McCullough, on the first day of January, eighteen hundred and thirty-four, did abandon and leave vacant the premises, stock, &c., and that the said McCullough having failed to comply with any part of his covenants and agreements, or his said security, the said defendant, Richardson, for him, he the plaintiff did thereafter, to-wit, on the fifth day of January, eighteen hundred and thirty-four, re-enter upon said premises, as lawfully,

by said covenant, he had a right to do. Yet the said defendant, McCullough, did not, nor would keep and perform or fulfil his said covenants, or the said defendant, Richardson, at any time for him, but the same covenants are broken in this, to-wit."

The declaration then proceeded to set out, at length, divers omissions of the defendant, McCullough, to perform the duties stipulated to be done under his covenants—all which were assigned as breaches.

On a general demurrer to the declaration, judgment was rendered for the defendants; and Childress took a writ of error.

*Crabb* and *Porter*, for plaintiff in error—*Ellis* and *Peck* contra.

GOLDTHWAITE, J.—This action, in its form, is covenant; and the declaration sets forth a contract under seal, dated twenty-ninth January, eighteen hundred and thirty-three, entered into by the plaintiff, *with the defendant, McCullough*—by which it appears, that McCullough covenanted to perform several duties, and make several payments, which it is unnecessary to recapitulate, but which were to be performed and paid *at several times during the years* 1833 *and* 1834. It also sets forth another contract under seal, between the same parties, dated the twentieth September, eighteen hundred and thirty-three, which does not seem to change the previous contract, except so far as to discharge McCullough from one of his stipulations. It also sets forth a contract, under seal, between the plaintiff,

*and the defendant, Richardson,* dated September, eighteen hundred and thirty-three; by which Richardson covenanted with the plaintiff *to become the security of McCullough* for the performance of his part of the contract, before entered into by him with the plaintiff—*so far as the same extended to the then present year.*

Many omissions of the duties to have been performed by McCullough, under his contract, are assigned for breaches of the covenant, and it avers omissions of acts to be done by him in eighteen hundred and thirty-four as well as eighteen hundred and thirty-three.

To this declaration the defendants demurred, and judgment was thereon rendered in their favor. The correctness of this judgment, is now sought to be reversed.

The objection to which this declaration seems liable, is the misjoinder of the parties defendant.

It is a well recognized rule, that Courts of law, will not take cognizance of distinct and separate claims, or liabilities of several persons in one suit, though standing in the same relative situations.* *1 Chitty's Plead. 33.

In the present case, M'Cullough and Richardson, were each liable to the plaintiff, on their several covenants, *but by different instruments, and not to the same extent.* M'Cullough was liable absolutely; Richardson was only liable, in the event of the failure of M'Cullough. M'Cullough was liable for two years—Richardson for one, only. And although the contract of each, was in relation to the same subject matter, it would by no means follow, that they are liable as joint contractors. There is no more

reason, to assume a joint liability in this case, than in the case of the maker and endorser of a promissory note.   Then the contract of each party is in reference to the same subject matter, yet the liabilities are perfectly distinct and several in their character.

That the defendants were not liable as joint contractors, and should not have been sued as such, is, we think, obvious; but one illustration may be drawn, from a well settled and acknowledged principle of law.   *All* joint contractors are liable in the same manner, as each other, and a release of one, is the release of all.* [*Coke on Litt. 232. L. M. S. 376.]

Test the case by this rule, and it would follow, if the defendants are joint contractors, that M'Cullough would be released, if a release was given to Richardson.   That this would not be the effect of a release to him, under the case presented, is without doubt.

There was therefore, no error in the judgment of the Court below, and it must be affirmed.

COLLIER, J. not sitting.