## MISSOURI, K. & T. RY. CO. et al. v. DEMERE & COGGIN.

(Court of Civil Appeals of Texas. El Paso. March 7, 1912. On Motion for Rehearing March 27, 1912.)

1. CORPORATIONS (§ 642*)—FOREIGN CORPORATIONS—SERVICE OF PROCESS—AGENTS.

A foreign railroad corporation which sends its trains over a line of road into the state without any change of crew, and which employs such crew to take the train out of the state, and which has an agent in the state to make contracts to transport freight over its line, does business in the state, within McIlwaine's

Dig. art. 1223a (Acts 29th Leg. c. 25), providing for the service of process on foreign corporations.

[Ed. Note.—For other cases, see Corporations, Cent. Dig. §§ 2520–2527; Dec. Dig. § 642.*]

**2. CONTINUANCE (§ 7*)—APPEAL AND ERROR (§ 966*)—APPLICATION FOR CONTINUANCE—DISCRETION OF TRIAL COURT.**

The overruling of a motion for a continuance, which is not a statutory one, is within the discretion of the trial court, and will not be disturbed on appeal.

[Ed. Note.—For other cases, see Continuance, Cent. Dig. §§ 17, 18; Dec. Dig. § 7;* Appeal and Error, Cent. Dig. § 3837; Dec. Dig. § 966.*]

**3. CARRIERS (§ 230*)—CARRIAGE OF FREIGHT —LIABILITY OF CONNECTING CARRIER.**

In an action against the initial and connecting carriers for injuries to a shipment of live stock, evidence *held* to justify submission to the jury of the issue of the negligence of the connecting carrier causing the injuries complained of.

[Ed. Note.—For other cases, see Carriers, Cent. Dig. §§ 961, 962; Dec. Dig. § 230.*]

**4. CARRIERS (§ 177*)—INTERSTATE SHIPMENT —ACTIONS UNDER HEPBURN ACT—PARTIES.**

A shipper of an interstate shipment may sue, under the Hepburn Act (Act June 29, 1906, c. 3591, 34 Stat. 584 [U. S. Comp. St. Supp. 1909, p. 1149]), the initial carrier receiving the shipment and executing the bill of lading; and the fact that he joins the connecting carriers does not affect his right to recover the whole damages from the initial carrier.

[Ed. Note.—For other cases, see Carriers, Cent. Dig. §§ 775–789, 791–803; Dec. Dig. § 177.*]

**5. APPEAL AND ERROR (§ 719*)—FUNDAMENTAL ERROR—ASSIGNMENT OF ERROR.**

Where, in an action against the initial and connecting carriers for damages to a shipment of live stock, judgment as authorized by the evidence was rendered against the initial carrier in favor of the shipper, and against the connecting carrier in favor of the initial carrier for the damages incurred on the connecting carrier's line, an error in the judgment as to liability for costs was not fundamental, and will not be considered, in the absence of any assignment of error.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 2968–2982, 3490; Dec. Dig. § 719.*]

On Motion for Rehearing.

**6. CORPORATIONS (§ 668*)—FOREIGN CORPORATIONS—SERVICE OF PROCESS—"AGENT."**

A resident who makes contracts for the transportation of freight over the lines of a foreign corporation doing business in the state is an "agent" of the corporation, within McIlwaine's Dig. art. 1223a (Acts 29th Leg. c. 25), authorizing service of process on any agent contracting for the transportation of freight over the line of any foreign railroad corporation doing business in the state.

[Ed. Note.—For other cases, see Corporations, Cent. Dig. §§ 2603–2627; Dec. Dig. § 668.*]

For other definitions, see Words and Phrases, vol. 1, pp. 262–270; vol. 8, p. 7569.]

**7. CORPORATIONS (§ 668*)—FOREIGN CORPORATIONS — SERVICE OF PROCESS — "ANY AGENT."**

The words "any agent" in McIlwaine's Dig. art. 1223a (Acts 29th Leg. c. 25), authorizing service of process on any agent mak-

ing contracts for the transportation of passengers or freight over the line of railway of any foreign corporation doing business in the state, mean any agent who sells tickets or makes contracts of transportation over the line of a foreign railroad; and the section, so construed, provides for service in addition to the means provided by article 1223, providing for the service on enumerated officers of foreign corporations.

[Ed. Note.—For other cases, see Corporations, Cent. Dig. §§ 2603–2627; Dec. Dig. § 668.*

For other definitions, see Words and Phrases, vol. 1, pp. 412–433; vol. 8, pp. 7575–7577.]

Appeal from Nolan County Court; John J. Ford, Judge.

Action by Demere & Coggin against the Missouri, Kansas & Texas Railway Company and others. From a judgment for plaintiffs, defendants appeal. Affirmed.

Douthit & Smith, H. C. Hughes, and Alexander S. Coke, for appellants. Ed. J. Hamner and Geo. T. Wilson, for appellees.

PETICOLAS, C. J. This was a suit by the appellees against the Texas & Pacific Railway Company, the Missouri, Kansas & Texas Railway Company of Texas, and the Missouri, Kansas & Texas Railway Company, a Kansas corporation, for damages to a shipment of 72 head of cattle between Sweetwater, Tex., and East St. Louis. The suit was brought under the Hepburn Act by appellees against the Texas & Pacific Railway Company, alleging that it had received the cattle and executed a bill of lading therefor. The Missouri, Kansas & Texas Railway Company, which will hereinafter be called the "Kansas Corporation," filed a motion to quash the citation and return, purporting to show service on said defendant. It supported this motion to quash by the affidavit of W. N. King, of Denison, Tex., who was admitted to be the local agent at that point of the Missouri, Kansas & Texas Railway Company of Texas, which will hereinafter be called the "Texas Corporation." It also introduced evidence in support of its motion to quash.

[1] Without attempting to state all of the testimony with reference to King's position and as to whose agent he was, we find that it was shown by the testimony that the Red river is the dividing line between Texas and Oklahoma. When the Kansas corporation sends its trains south over its line of road, the same crew carry the train into Texas to Denison; there is no change of crew, engine, or train when the boundaries of Texas are reached. The same thing is true going northwardly. It is also indicated in the testimony, and admitted in the supplemental argument filed by the Kansas corporation, that W. N. King, the agent who was served, makes contracts for transportation of freight over the line of the Kansas corporation. It has been repeatedly decided in this state, under these circumstanc-

*For other cases see same topic and section NUMBER in Dec. Dig. & Am. Dig. Key No. Series & Rep'r Indexes

es, that the foreign corporation is doing business in the state (S. P. Co. v. Craner, 101 S. W. 534; S. P. Co. v. Allen, 48 Tex. Civ. App. 66, 106 S. W. 443; Railway v. Kiser, 136 S. W. 854); and under the act of March 13, 1905 (Acts 29th Leg. c. 25), it was provided that any agent who has an office in Texas, and who sells tickets or makes contracts for the transportation of passengers or property over any line of railroad, or part thereof, is agent of such foreign corporation or company, upon whom citation may be served. In assigning error on the overruling of the motion to quash, the appellant Kansas corporation seeks to differentiate this case from the authorities cited on two grounds: First, that it has raised the question by motion to quash; second, that it contends that to require this defendant to appear and answer without quashing the citation would be violative of section 19, art. 1, of the Constitution of the state of Texas, and the fourteenth amendment to the Constitution of the United States.

We do not see any difference in submitting the matter as a question of fact to the jury or court trying the cause, or raising it by motion to quash. In either instance, it is necessary to decide whether the person served comes within the terms of our statutes regulating service upon foreign corporations. It is a pleasant fiction of the railroads operating under analogous circumstances that, although the Kansas corporation runs its trains into Texas to Denison, using the same crew and the same instrumentalities, as they cross the Red river, the crew operating said train cease to be the servants of the Kansas corporation and become servants of the Texas corporation.

In Buie v. Chicago, R. I. & P. Ry. Co., 95 Tex. 64, 65 S. W. 30, 55 L. R. A. 861, is quoted with approval the following extract from a New York case: "We have of late refused to be always and utterly trammeled by the logic derived from corporate existence, where it only serves to distort or hide the truth. This court has always refused to be controlled by technicalities, when interposed to prevent an investigation into the real facts of a case. Courts will look beneath the mask of legal forms for the real facts of any transaction presented to them for investigation." The case cited is by Chief Justice Brown of the Supreme Court, and is of particular interest in reference to appellant's contention that, as the law requires a Texas corporation in Texas, therefore the employés of the Kansas corporation, upon reaching the Red river, must perforce become the employés of the Texas company. In the same case, Judge Brown says again: "The men who constitute the crews on the freight and passenger trains which, leaving Ft. Worth, go northward are nominally in the employ of the Texas corporation until the imaginary state line has been passed, when, by some kind of mysterious change, they become employés of the foreign company; returning they undergo a similar change in reverse order"—and decided in that case that the local company's employés were the agents of the foreign company.

We do not find it necessary to go quite that far in this case; but we think the facts show that the Kansas company was doing business in Texas. It may have only been from the Red river to Denison; it may have been one mile, or one-half mile, or 100 yards; but whenever the Kansas company habitually ran its trains, with its employés, into Texas, it then and there was doing business in the state. It being admitted that Mr. King made contracts for transportation of freight over the Kansas company, he is, within our statutes, a local agent of the Kansas company. We have no doubt that, as against the constitutional objection urged, the state has power, as against foreign corporations doing business in the state, to prescribe who shall be local agents upon whom service may be had. It is true that the case of Peterson v. Railway Co., 205 U. S. 364, 27 Sup. Ct. 513, 51 L. Ed. 841, is not quite in accord with this view; but it seems to be conceded by the Supreme Court of the United States that the question of who is the local agent, when arising in a state court and under a state statute, is to some extent a question of procedure which the state has power to determine for itself. See Green v. Railway, 205 U. S. 530, 27 Sup. Ct. 595, 51 L. Ed. 917, in which they differentiate that case from state cases of opposite holding, on the ground that the other cases were in the state courts, and were questions of interpretation of state statutes. It is, perhaps, not necessary to so decide in this case; but we very much incline to the view that the determination of who is a local agent of a foreign corporation, arising in a case brought in a state court, is a determination of a matter of procedure by those courts as to which the statutes and decisions of the state are controlling.

[2] Appellant, the Kansas corporation, contends, also, that the trial court erred in overruling its motion for a continuance. The motion seems not to have been a statutory one, and we will not disturb the action of the trial court, as we believe that it was within its discretion.

[3] The plaintiff having had judgment against the Texas & Pacific Railway, and it, in turn, having judgment over against the Kansas corporation, it is contended that it was necessary for the Texas & Pacific Railway Company to show that the damage for which the judgment was rendered occurred on the line of the Kansas corporation, and was due to its negligence, and that there was no evidence to warrant the submission of such an issue to the jury. We overrule this assignment, because the evidence, while very slight indeed, justified the court in

145 S.W.—40

submitting the issue. One of the plaintiffs testified that the run on the Texas & Pacific was the usual and customary run; that there was no delay before reaching Denison; that the delay occurred between Denison and McAlester. There was also testimony showing that the cattle should have reached St. Louis on the 14th, and that they did not reach St. Louis until the 15th.

[4] The Texas & Pacific Railway Company, which also appealed, assigned as error that plaintiff could not bring the suit under the Hepburn Act, if he made the other carriers parties, and that the court should have instructed the jury to find the damages, if any, directly against the roads liable therefor. We overrule this assignment, because we find no such limitation in the Hepburn Act (Act June 29, 1906, c. 3591, 34 Stat. 584 [U. S. Comp. St. Supp. 1909, p. 1149]). If the Texas & Pacific, as the initial carrier, received the cattle and executed the bill of lading, it could be sued under the Hepburn Act; and whether the plaintiff saw fit to make the other roads parties defendant or not would not affect plaintiff's right to recover the whole damages directly against the initial carrier.

[5] It also submits as fundamental error that the court rendered judgment in favor of the Missouri, Kansas & Texas Railway Company of Texas against the Texas & Pacific Railway Company for the costs of the Missouri, Kansas & Texas Railway Company. We do not inquire as to whether or not this was error, as it is clearly not fundamental error, and there seems to have been no assignment of error on it.

For the reasons indicated, the case is affirmed.

### On Motion for Rehearing.

[6] The motion for rehearing of the Missouri, Kansas & Texas Railway Company assumes that we have held that any foreign railway corporation may be served by serving citation upon any railway agent in the state who sells tickets or makes contract for transportation of freight over such foreign corporation. We have not made any such holding (though we do not intend this statement as indicating that such may not be found to be the law); but what we did hold is: (a) The Kansas corporation is shown by the testimony in this case to have been doing business in the state. (b) It being admitted that King makes contracts for the transportation of freight over the lines of the Kansas corporation, he is, within the meaning of the act of March 13, 1905, an agent of the Kansas corporation, in that service of citation to said Kansas corporation may be had upon him. The statute referred to (article 1223a, McIlwaine) says: "That service may be had on foreign corporations having agents in this state in addi-

tion to the means now provided by law by serving citation upon any train conductor * * * if said conductor handles trains * * * across the state line of Texas * * * or upon any agent who has an office in Texas and who * * * makes contracts for the transportation of passengers or property over any line of railway * * * of any such foreign corporation or company." The finding that the Kansas company "was doing business in the state" is necessarily a finding that it had agents in the state.

[7] Appellants' contention that under this article the words "any agent" mean any agent of the foreign corporation renders nugatory the statute. Our interpretation of the statute is: That as article 1223 provides for service on any agent of the foreign corporation, and as article 1223a provides that "service may be had in addition to the means now provided," and as every person who sells tickets or makes contracts for transportation over the lines of a foreign corporation is, in one sense, the agent of such corporation, that the statute makes such person, for the purpose of service of citation, the agent of such foreign corporation, when it is doing business in the state; and that the words "any agent" mean any agent of any road who sells tickets or makes contracts of transportation over the land of the foreign road.

The motion is overruled.