ASA W. ALLEN COMPANY *v.* MOBILE & OHIO RAILROAD
COMPANY.

[58 South. 710.]

CARRIERS. ˙ *Injury to live stock.   Evidence.   Instructions.*

Where in a suit against a railroad company for injuries to an
animal during transportation the only evidence of injury was
that the animal was apparently sound when shipped and sick
when it arrived at its destination, a peremptory instruction for
defendant was properly given. ˙

APPEAL from the circuit court of Lee county.

HON. JOHN H. MITCHELL, Judge.

Suit by Asa W. Allen Company against the Mobile &
Ohio Railroad Company.   From a judgment for defend-
ant, plaintiff appeals.

The appellant shipped a carload of mules, twenty-
seven in number, from St. Louis, Mo., to Tupelo, Miss.
The mules were shipped by the National Stockyards at
East St. Louis, Ill., and loaded in the car in apparently
sound condition.   Soon after the delivery of the mules
at Tupelo, it was discovered that one of them was sick
or in some way injured, as he appeared to be stiff and in
pain.   He lived about ten days or more, and died.   There
were no external signs of any injuries, such as bruises
or scars; but the mule had some fever.   Suit was brought
for the value of the mule; it being charged that the rail-
road company had improperly handled the shipment and
was charged with the duty of insuring the safe delivery
of the stock.   The only evidence introduced was with
reference to the condition of the mule after arrival at
Tupelo and the fact that they were all in apparently
sound condition when shipped from the National Stock-
yards.   There was a peremptory instruction to find for
the defendant, and plaintiff appeals.

*Geo. T. Mitchell,* for appellant.

Cases similar to the one contained in this record have been before this court before, but the decision on each rested upon the facts of that particular case. Under the common law a common carrier of goods was liable for all loss or destruction of or injury to such goods, not occasioned by the act of God or the public enemy, and proof of negligence on the part of the carrier was immaterial, and the carrier could not escape liability by proving reasonable care and diligence. 6 Cyc. 376.

This was also formerly the doctrine in this state. *Powell* v. *Mills,* 30 Miss. 231; *Railroad* v. *Trotter,* 60 Miss. 446.

The same doctrine above set out applies to a common carrier of live stock with the exception that where the loss or injury was due to the peculiar nature and propensities of the animal, the carrier was excused, unless the loss or injury could have been prevented, by the exercise of reasonable foresight, vigilance, and care on the part of the carrier. 6 Cyc. 381.

This court, however, has partially enlarged the exceptions to the common law rule, and seemingly hold that where the carrier shows a smooth track, a proper handling of the train, and that nothing occurred which could have caused the injury complained of, then it is exculpated unless the plaintiff can show that the injury resulted because of the negligence of the carrier.

When the above rule was adopted by our court, the shipper was permitted to accompany and look after his shipment of live stock, and there was then some reason for the rule; but now, since the shipper is not permitted to accompany his shipment, but the care of the stock is left absolutely to the carrier and no witness, outside of the employees of the carrier, can be produced to show negligence in the handling of the train or inattention to the stock, it is indeed a harsh rule, and I insist an unreasonable one, to require of the shipper, in case of loss

or injury, to prove not only the loss or injury after delivery to the carrier, but, if the employees of the carrier simply go upon the stand, as they will do nine times out of ten, and swear that the train was properly handled, etc., then for the shipper to go further and prove actual negligence on the part of the carrier. As above said, the shipper is not permitted to accompany the shipment, and therefore, he cannot be present and witness the unusual jolts or other improper handling of the train, and I insist that it is harsh and unreasonable to require of him proof of matters which lie peculiarly and solely within the knowledge of the railroad company. I submit that when a shipment of live stock is delivered in good condition to a carrier, and a loss or injury occurs in transit, that, instead of requiring proof of negligence on the part of the carrier, such negligence should be presumed and warrant a recovery, unless the carrier can show that the loss or injury occurred by reason of the act of God or the public enemy, or that same occurred on account of the peculiar character or propensities of the animal. To hold otherwise places the shipper at the absolute mercy of the carrier, and requires of him proof of matter resting peculiarly and solely within the knowledge of the carrier; while, if the carrier was required to exculpate itself by showing that the injury occurred by reason of the act of God, the public enemy, or the peculiar character or propensities of the animal, there would only be required of him proof of those matters which do or should lie solely within his knowledge.

The *Biggers case,* 66 Miss. 319, the *Teams case,* 75 Miss. 147, the *Fast case,* 27 So. 525, the *Cox case,* 40 So. 547, the *Davis & Levy case,* 43 So. 674, and the *Howze case,* 45 So. 837, being all the cases from our court bearing directly upon the point at issue, were each decided upon their own peculiar facts.

*C. P. Long* and *J. M. Boone,* for appellee.

This suit is based on the fact that the Asa W. Allen Company shipped a carload of mules from St. Louis on April, 1909, to Tupelo, Mississippi, and soon after the delivery of the said mules it was discovered that one of the mules was sick or in some way injured, as inferred from the mule's movements, as it seemed that the mule was stiff and in pain. Upon the trial of the case it was shown that the car was properly handled from St. Louis that would cause the injury to this mule, and that there were none of the other twenty-seven head of mules in this car in any way injured. The proof further showed that the car arrived at Tupelo, without any accident or anything happening that there were no external signs of injuries by the way the animal lived something over ten days and then died, and there were no bruises or marks on this mule.

The appellant's contention is that they faithfully and fully discharged their duty as carriers of the said car of mules from St. Louis to Tupelo, and the proof in this case does not show any negligence on the part of the railroad company.

The railroad company is not an insurer of live freight, and its responsibility for the same is not absolute for the safety of the animals, as is the rule with inanimate goods. The counsel for appellant seems to admit that the universal rule adopted by this court does not hold the carrier liable as to live freight in the same way as it does as to inanimate goods and recognizes the difference set up by our court in its former decisions on this subject but contends that this is unreasonable and unfair and that all of those former decisions ought to be overruled. This court is simply in harmony with the text-writers on this subject, and, at least, the overwhelming weight of authorities from other courts.

Hutchinson on Carriers (2 Ed.), sec. 217, uses the following language: "It has indeed been very much ques-

tioned whether in the transportation of live animals, the carrier can be considered in any respect as undertaking the service as a common carrier."

And this same author in this same edition, section 218, uses the following language: "The liability of the common carrier of animals, it is said, is essentially different from that of the carrier of merchandise or of inanimate property. While common carriers are insurers of inanimate goods against all loss and damage except such as is inevitable or caused by public enemies, they are not insurers of animals against injuries arising from their nature and propensities, and which could not be prevented by oversight, vigilance, and care. In the transportation of live stock, in the absence of negligence, the carrier is relieved from responsibility for such injuries as occur from or in consequence of the vitality of the freight. He does not absolutely warrant live freight against the consequences of its own vitality. Animals may injure or destroy themselves, or each other; they may die from fright or from starvation, or they may die from heat or cold. In all such cases, the carrier is relieved from responsibility if he can show that he has provided all suitable means of transportation, and exercised that degree of care which the nature of the property requires."

This court has adopted the same rule, beginning in the case of *Railroad Co.* v. *Ables,* 60 Miss. 1017; and then upheld and repeated in the following cases: *Railroad Co.* v. *Biggers,* 66 Miss. 319; *Teams* v. *Railroad Co.,* 75 Miss. 147; *Railroad* v. *Cox,* 40 So. 547; *Railroad Co.* v. *Davis,* 43 So. 674.

This last case of *Railroad Company* v. *Davis and Levy* is on all-fours with the case at bar. The railroad company could have well afforded to close its case when the plaintiffs' testimony was all in, for the reason that the evidence of the plaintiff does not show, or even tend to establish any negligence on the part of the railroad com-

pany in the transportation of the said mules; and does not establish, only by conjecture, the cause of the death of this mule; the evidence was absolutely silent as to what caused this mule's death, whether from a disease or an injury. While it is true that the plaintiff introduced the evidence of Mr. Allen and Mr. Long that the mule appeared to be internally injured, yet there was never any examination of the mule for such injuries by a veterinary surgeon, or any reason given by these witnesses as to why they thought the mule was internally injured except the fact that the mule appeared to be stiff and did handle himself like he was internally injured. If the mule had been internally injured by an accident upon the railroad of sufficient severity to cause his death, there would necessarily have been some external sign of such injury.

The evidence leaves this case with the naked statement of fact that the mule was transported along with twenty-seven in number and unloaded at Tupelo, Miss., without any notice or discovery there of any defect in the car, or any noticeable injury to the mule, and no other mule in the car was hurt in any way; and after a length of time the mule simply died; therefore, being absolutely silent as to how the mule was injured, if injured, and absolutely indefinite as to what caused the mule's death, if anything. This is a stronger case on its facts, if possible, than any of the other cases above cited in this brief; and the plaintiff did not, therefore, meet the burden of showing negligent injury by the carrier, or such other facts as to the character of the injury or other circumstances indicating that the injury was the result of any negligence of the defendant; nor is there a hint in the testimony, or anything in the most remote way, tending to show that the mule received any injuries while in the possession of the railroad company. So far as this record goes and shows, the mule was suffering from an unknown disease from which, after something over ten days, he died.

COOK, J., delivered the opinion of the court.

This is an action against the appellee for alleged injuries to a mule, occurring while being transported from St. Louis, Mo., to Tupelo, Miss. The circuit court instructed the jury to find for the defendant railroad company. It is practically conceded by appellant's counsel ·that we must overrule a long line ·of decisions of this court in order to reverse.

We do not feel warranted in doing this, and the case .is affirmed.

*Affirmed.*