(122 So. 693)

**LOUISVILLE & N. R. CO. et al. v. STRICK-LAND.   (2 Div. 941.)**

Supreme Court of Alabama.   April 11, 1929.

Rehearing Denied June 13, 1929.

582

Bonner & Miller, of Camden, Steiner, Crum & Weil, of Montgomery, and Reese & Reese, of Selma, for appellants.

B. M. Miller, of Camden, for appellee.

FOSTER, J. ██ The action is for a breach of contract for the shipment of live stock from a point in Wilcox county, Ala., on the line of the appellant Louisville & Nashville Railroad Company to Cook's Station, Montgomery county, Ala., on the line of appellant Western Railway of Alabama. Each of the appellants separately filed a plea in abatement. That of the Louisville & Nashville Railroad Company is based upon the claim that the action is under section 10045 of the Code, and that section provides that such suit shall be filed in the county of the delivery, which was not done. Neither the complaint nor the plea alleges that the Louisville & Nashville Railroad Company is a domestic corporation, nor that it is a foreign corporation. To sustain the court in its ruling, and upon considering a demurrer to pleading, the usual presumption in the absence of allegation is against the pleader. We will presume therefore that the Louisville & Nashville Railroad Company is a foreign corporation.

██ If it is a foreign corporation, the venue of an action against it, whatever be the nature of the action, is controlled by section 232 of the Constitution, which is self-executing. This court has had occasion recently to consider this subject in the case of General Motors Acceptance Corporation v. Home Loan Co., 120 So. 165.[1] It is there pointed out that no statute may change the effect of section 232 of the Constitution, and cannot make provision for suit contrary to its terms. It was held in the case of Ex parte Western Union Tel. Co., 200 Ala. 496, 76 So. 438, that section 6112 of the Code of·1907, section 10471 of the Code of 1923, in so far as it provides that actions may not be brought against a foreign corporation in any county in which the corporation is doing business, violates section 232 of the Constitution. The right of a party to sue a foreign corporation in any county in Alabama, where it is doing business by agent, cannot be affected by a legislative enactment.

If we assume that the action both as to form and venue must be governed by section 10045, we would have to limit it as a venue provision to domestic corporations, and not include foreign corporations, just as some of the provisions of section 10471 are held not to apply to suits against foreign corporations. Ex parte Western Union Tel. Co., supra.

██ It is not, however, necessary, we think, to indulge in that assumption, for the contrary appears to be true. For while section 10045 contains the following clause, "the suit to be instituted in the county of delivery," it also provides that any other remedy now in force may be pursued by the plaintiff. Taking this section as a whole, we think it clearly means that both as to the form of action and its venue, it is cumulative and not restrictive; and that though the form of action be as provided by its terms, the venue prescribed by it is not exclusive. The venue may be otherwise controlled by the Constitution, or for

[1] 218 Ala. 681.

domestic corporations by statutory enactment; and we will later herein undertake to show that as a remedial statute there is merely by it made plain a form of action which results from the provisions of section 10043.

The plea in abatement of the Louisville & Nashville does not allege that it was not doing business in Wilcox county, when this suit was commenced in that county, and it is therefore subject to that ground of demurrer which points out that defect.

The plea in abatement of the Western Railway alleges that it is a domestic corporation, and was not doing business in Wilcox county when the suit was commenced, nor when the cause of action arose. It is contended that section 9418 cannot apply, because this action is not a joint or joint and several action. We cannot agree with this contention, and conclude that it is a joint and several action on the theory which we will now discuss.

Section 10043 of the Code adopts for intrastate shipments the salient features of the Carmack Amendment (49 USCA § 20 (11, 12), which is only applicable to interstate commerce. The Supreme Court of the United States in the case of Mo., Kan. & Texas R. Co. of Texas v. Ward, 244 U. S. 383, 37 S. Ct. 617, 61 L. Ed. 1213, in respect to the Carmack Amendment held that the liability of each participating carrier is fixed by the applicable valid terms of the original bill of lading, and that such bill of lading governs the entire transportation, even though the connecting carrier may issue another bill of lading of a different tenor accepted by the shipper; that the connecting carrier is bound already by the original contract of shipment; and that for the purpose of fixing liability all the carriers involved must be treated, not as independent contracting parties, but as one system; and the connecting lines become in effect mere agents whose duty it is to forward the goods under the terms of the contract made by their principal, the initial carrier.

The same principles of construction are approved in the case of Texas & Pacific Rwy. Co. v. Leatherwood, 250 U. S. 478, 39 S. Ct. 517, 63 L. Ed. 1096, wherein it is also said that the bill of lading issued by the initial carrier is the contract of transportation to final destination, and its terms are binding upon all connecting carriers. To the same effect is the case of Georgia, F. & A. Rwy. Co. v. Blish Milling Co., 241 U. S. 190, 36 S. Ct. 541, 60 L. Ed. 948. All these cases are cited with approval in our case of So. Rwy. Co. v. N. W. Fruit Exch., 210 Ala. 519, 98 So. 382. As a result of this principle it follows that the liability of the initial and such connecting carrier causing the loss and injury in the shipment is joint and several, and that without the aid of such a statute as our section 10045. Drake v. N., C. & St. L. Rwy. Co., 125 Tenn. 627, 148 S. W. 214; Otrich v. St. L., I. M. &

S. Rwy. Co., 154 Mo. App. 420, 134 S. W. 665; Id., 164 Mo. App. 444, 144 S. W. 1199; Mo., etc., R. Co. v. Demere (Tex. Civ. App.) 145 S. W. 623.

This is not in conflict with our case of Lynn v. Mellon, 217 Ala. 75, 114 So. 680, for while the court there states that the liability is several, the suit did not include the initial carrier, but only connecting carriers. As to them the liability is several, as there pointed out, and not joint in its nature and effect, though more than one of them may be liable. Such liability would result from separate and distinct acts and conduct of each, and when there is no contract whereby one is responsible for the acts of the other. Whereas the initial carrier is by law made responsible for such acts of all connecting carriers, and is thereby jointly and severally liable with each of them.

In all the cases above cited the action was against the initial and connecting carriers jointly. This result was concluded from those features of the Carmack Amendment which are the same as our section 10043, there being nothing in said amendment of similar import to our section 10045. So that the result reached is without respect to and independent of the terms of the latter section. We think we should apply to our statute, adopting the Carmack Amendment, the construction which the Supreme Court of the United States has applied to such amendment.

We also think section 9418 of the Code, though it mentions a joint and several action, has application to any action properly brought against two or more parties, whether the primary nature of the action be joint or joint and several or several. It is true that it does not refer to strictly "several" causes of action, for when such is the case they may not be united in a joint suit. Childress v. McCullough, 5 Port. 54, 30 Am. Dec. 549; Jones v. Engelhardt, 78 Ala. 505; Redmond v. L. & N. R. R. Co., 154 Ala. 311, 45 So. 649; Jackson v. Bush, 82 Ala. 396, 1 So. 175; 1 C. J. 1072; 13 C. J. 574 et seq.; 6 R. C. L. 878. But any suit at law properly brought against two or more parties is by such authority rendered joint or joint and several, though otherwise it may be merely several. So that to the extent that section 10045 authorizes a joint suit it makes the cause of action a joint and several one when there is a liability by more than one defendant, even if we could hold that without it the action would only be several, as counsel contend, but which we have shown is not the situation in all cases.

The complaint alleges that one of the animals in the shipment was delivered to the consignee in bad condition, injured, bruised, etc., but was received by the Louisville & Nashville in good condition. Allegations of that nature import a liability by both the initial and terminal connecting carriers (but not by intermediate connecting carriers, Lynn v.

Mellon, supra), not only as to the animal injured but also the one lost or not delivered at all, and if the terminal connecting carrier would be relieved of liability, thus presumed, it must show that the animal which was injured was in such condition when received by it from the preceding carrier, and that it never received from any carrier the animal not delivered to the consignee, or that it died from a condition existing when it was received by such carrier. So. Express Co. v. Saks, 160 Ala. 621, 49 So. 392; L. & N. R. R. Co. v. Lynne, 196 Ala. 21, 71 So. 338; So. Rwy. Co. v. N. W. Fruit Exch., supra.

Section 9418 of the Code, as heretofore pointed out, provides that any joint or joint and several action may be brought in a county having jurisdiction of any one of the defendants, and be executed in any county in the state.

This plea of the Western Railway does not allege that its joint defendant is not within the jurisdiction of the court in Wilcox county. In fact, we have shown that the contrary is true. This section of the Code has been held to justify suit against a domestic corporation not doing business in the county, when a codefendant is an individual residing therein. Eagle Iron Co. v. Baugh, 147 Ala. 613, 41 So. 663. It is immaterial in this respect whether the joint defendant properly sued in the county is an individual or a corporation. We conclude therefore that it is immaterial whether all the carriers sued are doing business in the county where the suit was brought, provided section 232 of the Constitution is not violated by including in the suit a foreign corporation in a county in which it is not doing business, and provided the court has jurisdiction of one of them. There is no constitutional provision prohibiting a suit against a domestic corporation in a county where it is not doing business. The demurrer therefore to the plea in abatement of the Western Railway was properly sustained.

We think also, for the reasons already stated, that the complaint is not subject to the demurrer on the ground that it does not show a cause of action, which is either joint or joint and several, nor to the other grounds assigned. The complaint contains averments held sufficient by this court. So. Rwy. Co. v. N. W. Fruit Exch., supra; Walter v. Ala. Great So. R. R. Co., 142 Ala. 474, 39 So. 87.

The several pleas, among other things, alleged that the mule which died was afflicted with a disease which was the proximate cause of his death. The court sustained demurrer to them for the failure to allege that such disease was without any fault or negligence on the part of the defendants. Defendants thereupon amended such pleas by making the allegations referred to, and the court then overruled demurrers to the pleas as amended.

The rule is well understood that on proof that the animals were delivered for shipment to the carrier in good condition, and were not delivered by it at destination safely within a reasonable time, the burden is on the carrier to acquit itself of negligence, causing the loss or injury. L. & N. R. R. Co. v. Smitha, 145 Ala. 686, 40 So. 117; R. & D. R. R. Co. v. Trousdale, 99 Ala. 389, 13 So. 23, 42 Am. St. Rep. 69; Western Rwy. Co. v. Harwell, 91 Ala. 340, 8 So. 649; A. C. L. R. R. Co. v. Maddox, 210 Ala. 444, 98 So. 276; So. Rwy. Co. v. N. W. Fruit Exch., supra. It is said, however, in the case of Ill. Cent. R. R. Co. v. Word, 149 Ky. 229, 147 S. W. 949, after reviewing the rule above stated and fully recognizing it, that: "These rules of practice apply to all cases where death or injury, for which a recovery is sought, results from some external agency; but, where a recovery is sought for sickness of live stock in transit, or for death resulting from sickness, the burden does not shift, but remains all the while upon the plaintiff; for the sickness, or death from sickness, of the animal may be due to a diseased condition existing at the time of or prior to its shipment, though undiscovered by its owner or the carrier, or may be due to atmospheric, climatic, or other conditions over which the carrier has no control, and for which it would, in no event, be responsible. As said in McDowell v. L. & N. R. R. Co. [Ky.] 113 S. W. 519, the jury should not be left to speculate as to the cause of the injury. L. & N. R. Co. v. Warfield, 98 S. W. 313, 30 Ky. Law Rep. 352: McDowell v. L. & N. R. Co. [Ky.] 113 S. W. 519; L. & N. R. Co. v. Cecil, 145 Ky. 271, 140 S. W. 186. In this latter case a recovery was sought for the death of one of the animals, due to pneumonia, and for injuries to some of the others. Thus, as to one branch, the burden was upon the plaintiff; and, as to the other, upon the defendant." The principle is sustained by the authorities there cited, and the following among others: St. L. & S. F. R. Co. v. Brosius, 47 Tex. Civ. App. 647, 105 S. W. 1131; Ill. Cent. R. Co. v. Peel, 110 Miss. 712, 70 So. 887; Allen Co. v. M. & O. R. R. Co., 102 Miss. 35, 58 So. 710; 10 C. J. 380; 4 R. C. L. 963.

The pleas referred to quote provisions of the contract in part to the effect, in substance, that for live stock the carrier is not liable for injuries or death occasioned by overloading, overcrowding, suffocation, fright, heat or cold, changes in weather, or other causes beyond the carrier's control, and that the disease of the dead mule was the proximate result of causes beyond the control of defendant. If the additional allegations required to be inserted by the court (that said disease was without any fault or negligence of defendant) would impose upon defendant the burden of acquitting itself of fault and negligence occasioning such alleged disease, such requirement would be contrary to the princi-

ple stated in the authorities cited above. It is not, however, necessary here to apply the principle of those cases.

The judge tried this case without a jury, and made a special finding of the facts at the instance of defendants. In such finding he distinctly stated "that one of said mules had received an injury from which it died before delivery to plaintiff, and that it died in the possession of the defendant company, the Western Railway of Alabama, and was not delivered on that account." (There was only one mule alleged to have died.) The judge thereby found that defendants did not prove this allegation that the animal died from disease, and therefore the question of the burden as to the cause of the disease was eliminated and any possible error of the court in ruling on the pleadings in that respect was without injury. The court will therefore not be held to have committed reversible error on account of such rulings, even though we should hold that the required amendment improperly put this burden on defendants.

The judge also found that the injuries from which one mule died, and the other was damaged, were the result of negligence of the Western Railway of Alabama, and that defendants had notice of the condition of the injured mule, and no further notice was necessary, though it was seasonably given. The finding of facts fully supports the judgment, and is sustained by the evidence.

We have considered the other assignments of error, and conclude that none of them are well taken.

Affirmed.

ANDERSON, C. J., and GARDNER and BOULDIN, JJ., concur.

