MADDOX, Justice
(dissenting).
Because I believe that the trial judge was legally authorized to transfer this case to Autauga County pursuant to the provisions of Ala.Code, 1975, § 6-3-21.1, and because I disagree with the majority’s interpretation of the constitutional and statutory venue provisions, I must respectfully dissent.
Unquestionably, the foreign corporation in this case was not doing business in Macon County and had not done business in Macon County.
If I understand the reasoning of the majority, it is based upon the reasoning that, even though Amendment No. 473 states that a suit can be filed against a foreign corporation “only in those counties where such suit would be allowed if said foreign corporation were a domestic corporation” and even though § 6-3-7 provides that “all actions against a domestic corporation for personal injuries must be commenced in the county where the injury occurred or in the county where the plaintiff resides if such corporation does business by agent in the county of the plaintiff’s residence,” this Court’s Rule 82(c), Ala.R.Civ.P., is controlling.
The power of this Court, by a rule of procedure, to affect the venue of actions has always been troubling. Amendment 328, § 6.11, which grants this Court rule-making power, specifically states “that such rules shall not abridge, enlarge or modify the substantive right of any party nor affect the jurisdiction of circuit or district courts or venue of actions therein.” (Emphasis added.) Section 6.11 also provides that the rules adopted by the Court “may be changed by a general act of statewide application.”
The so-called “tort reform” legislation, a general act of statewide application, dealt significantly with the question of the proper venue of civil lawsuits. This action is controlled by some of that legislation, and the trial court was well within its power to order the transfer of this action to Autau- *1000 ga County, in my judgment, on two grounds: (1) The foreign,, corporation was not doing business by agent in Macon County, and had not done business by agent in the county, and (2) Section 6-3-21.1 (adopting the doctrine of forum non conveniens) authorized a transfer even if venue was otherwise proper in Macon County.
Because of the pervasive action by the Legislature in the field of venue of civil actions, I question the continued viability of Rule 82(c), Ala.R.Civ.P., and the cases construing it, some of which I have authored.[1]
It appears to me that the Legislature has preempted the field of venue of civil actions, and that any rule of this Court that would authorize a contrary result would itself be in contravention of the Constitution.
Based on the foregoing, I must respectfully dissent.
STEAGALL, J., concurs.

. See, e.g., Ex parte Hideaway Harbor Resort, Inc., 533 So.2d 563 (Ala.1988).