These two cases involve the same venue question and were consolidated on appeal. The plaintiffs in both cases sued essentially the same defendants, claiming breach of contract and fraud. The defendants in the actions are various individuals, foreign corporations, and a domestic corporation — Hideaway Harbor Resort, Inc. ("Hideaway"). The suits were filed in the Circuit Court of Walker County. It is undisputed that Hideaway is an Alabama corporation organized and registered to do business in Winston County. The various other defendants apparently were properly sued in Walker County. Hideaway maintained that venue was improper in Walker County and sought to have both actions transferred to Winston County. The trial judge denied Hideaway's motions. Hideaway then brought these two petitions, seeking writs of mandamus ordering the trial judge to grant the motions and transfer the causes to Winston County.
 " 'When a party seeks review by writ of mandamus of an order transferring or refusing to transfer . . ., we determine whether the lower court has sufficient facts before it to ascertain proper venue. . . .' Ex parte Harrington Manufacturing Co., 414 So.2d 74, 75 (Ala. 1982). The writ of mandamus will not be granted unless the trial court abused its discretion or exercised its discretion in an arbitrary or capricious manner. Ex parte Wilson, 408 So.2d 94 (Ala. 1981)."
Ex parte Alpine Bay Resorts, Inc., 518 So.2d 113, 114 (Ala. 1987). See also, Ex parte Hawkins, 497 So.2d 825, 828 (Ala. 1986).
The respondents argue that venue is proper in Walker County because of the provisions of Rule 82(c), Ala.R.Civ.P.:
 "Where several claims or parties have been joined, the suit may be brought in any county in which any one of the claims could properly have been brought. Whenever an action has been commenced in a proper county, additional claims and parties may be joined, pursuant to Rules 13, 14, 22 and 24, as ancillary thereto, without regard to whether that county would be a proper venue for an independent action on such claims or against such parties."
The petitioner, on the other hand, relies on the provisions of Ala. Code 1975, § 6-3-7:
 "A foreign corporation may be sued in any county in which it does business by agent, and a domestic corporation may be sued in any county in which it does business by agent or was doing business by agent at the time the cause of action arose. . . ."
Hideaway argues that because it was not, and is not, doing business by agent in Walker County, that venue was not proper there, based on the terms of this statute.
We agree with the respondents that Rule 82(c) controls in this situation. We note that this is a different situation from one involving a foreign corporation and does not involve the provisions of Article XII, § 232, Constitution of Alabama, 1901. See Ex parte McGugin, 423 So.2d 1367 (Ala. 1982).
Domestic corporations may be joined with other parties pursuant to Rule 82(c) and sued in counties other than those where they are doing business at the time of the suit or were doing business at the *Page 565 
time the cause of action arose. In Ex parte Owen, 437 So.2d 476
(Ala. 1983), a domestic corporation doing business in De-Kalb County was held to be properly joined in an action brought in Houston County, where venue was proper as to certain other defendants in the case. Similarly, in Ex parte Charles BellPontiac-Buick-Cadillac-GMC, Inc., 496 So.2d 774 (Ala. 1986), this Court held that a domestic corporation doing business only in Macon County was properly joined in Montgomery County through Rule 82(c), because another individual defendant in the case was properly sued in Montgomery County.
We hold that venue was proper in the cases at bar in Walker County because, although Hideaway is a domestic corporation, it was joined with other parties pursuant to Rule 82(c), and it is undisputed that venue was proper as to those other parties in Walker County.
The two cases cited by the petitioner, Ex parte Alpine BayResorts, 518 So.2d 113 (Ala. 1987), and City Stores Co. v.Williams, 287 Ala. 385, 252 So.2d 45 (1971), are distinguishable on their facts. The corporation was the onlydefendant in those two cases; because no other defendants were involved in those actions, the provisions for the joinder of claims did not apply. Transfer was, therefore, proper in those cases, on a showing that the defendants were not doing business in the county in which they were sued. In the cases at bar, the domestic corporation was joined with several other defendants
who were properly sued in Walker County. Because venue was proper as to these other defendants in Walker County, venue there was proper for Hideaway as well.
The trial judge properly denied the motions for change of venue, and the petitions for writ of mandamus are due to be denied.
WRITS DENIED.
TORBERT, C.J., and ALMON, BEATTY and HOUSTON, JJ., concur.