JONES, Justice.
This is a petition for a writ of mandamus ordering the trial court to set aside its order transferring the plaintiffs’ lawsuit from Macon Circuit Court to Autauga Circuit Court. We grant the writ.
It was alleged that on April 25, 1987, defendant Gary A. Mitchell, a resident of Montgomery County, purchased alcoholic beverages in Macon County from defendant Andy D. Thompson, the owner/operator of “The Kold Keg” and a resident of Macon County, and that while intoxicated from consuming those beverages, Mitchell drove his car to Autauga County, where he collided with a Honda automobile driven by plaintiff Mary L. Walker. Mrs. Walker’s seat belt allegedly did not function correctly, and she suffered a severe “closed head injury” that resulted in permanent and irreversible brain damage.
The plaintiffs, Mrs. Walker and her husband, Andrew L. Walker, residents of Montgomery County, sued Thompson and Kold Keg under the Alabama Dram Shop Act (Ala.Code 1975, § 6-5-70 et seq.). In the same complaint, the Walkers sued American Honda Motor Company under the Alabama Extended Manufacturer’s Liability Doctrine, alleging that it had negligently manufactured the automobile with a defective seat belt system and had negligently failed to install air bags. Mr. Walker made a claim against all of the defendants for his wife’s medical expenses and for his loss of consortium. The suit was filed in the Macon Circuit Court.
American Honda Motor Company filed a motion to dismiss or, in the alternative, to transfer the cause to the Autauga Circuit Court. The motion alleged the following grounds:
“1. AMERICAN HONDA MOTOR CO., INC., is a foreign corporation with principal place of business in the State of California, and was so situated at all times pertinent to this litigation.
“2. As is shown in the Complaint of the Plaintiffs, the [Walkers] reside in Montgomery County, Alabama, and the accident made the basis of this suit occurred in Autauga County, Alabama.
“3. Pursuant to Act 87-164 of the Acts of State of Alabama [proposing Amendment 473 to Ala. Const. 1901] and the subsequent General Election approving and affirming such Act, venue in this Court is improper as a matter of law as concerns AMERICAN HONDA MOTOR CO., INC., and all claims of the [Walkers] are statutorily required to be transferred from this court to [a] circuit court of proper jurisdiction, one of which would be Autuaga County, Alabama.”
The motion to transfer was accompanied by the affidavit of Norman F. Henkel, district service manager for American Honda Motor Company for the territory of Alabama. Mr. Henkel stated in his affidavit that American Honda Motor Company had never done business in Macon County, had never had employees working in Macon County, had never had a dealership in Macon County, had conducted “no business whatsoever in Macon County,” and, further, that “any local advertising of Honda-manufactured products would be by local, independent dealers and not by American Honda Motor Company.” Mr. Henkel went on to state that American Honda Motor Company does business in Montgomery County.
The trial court entered the following order:
“The court has carefully considered the argument of counsel and the entire court file in this cause regarding the various motions to dismiss or in the alternative motions for change of venue. It is clear from the file that American Honda Motor Co., Inc., is a foreign corporation which does not do business in Macon County, Alabama. It is also clear that other than the sale of alcoholic beverages by the defendant Andy D. Thompson, a Macon County resident, all of the facts in *998 this cause arose in Autauga County, Alabama.
“It is, therefore, ORDERED, ADJUDGED, and DECREED that this cause is transferred to the Circuit Court of Autauga County, Alabama. The Circuit Clerk of Macon County, Alabama, shall transmit all documents necessary to perfect transfer.”
In support of their petition for the issuance of a writ of mandamus ordering the Macon County Circuit Court to set aside the order of transfer, the Walkers point out 1) that there is no dispute that venue in Macon County is proper as to Andy Thompson and Kold Keg; and 2) that Rule 82(c), A.R.Civ.P., provides that “[w]here several claims or parties have been joined, suit may be brought in any county in which any one of the claims could properly have been brought.” Therefore, say the Walkers, because venue in Macon County is proper as to Thompson and Kold Keg, venue there is proper as to the other parties.
American Honda, however, argues that the effect of § 2B2, Ala. Const. 1901, as amended, and § 6-3-7, Code 1975, is to place proper venue of this case in Autauga County (the county in which the injury occurred) or in Montgomery County (the county of the Walkers’ residence). We disagree.
Proper venue with respect to a foreign corporate defendant in Alabama is determined by Ala. Const. 1901, § 232, and Ala. Code 1975, § 6-3-7. Before the adoption in 1987 of Amendment 473, amending § 232, that section allowed suit against a foreign corporation only “in [a] county where [the foreign corporation] does business,” even if the foreign corporation was a co-defendant with a domestic corporation. Ex parte Harrington Mfg. Co., 414 So.2d 74 (Ala.1982). Amendment No. 473, however, changed § 232, in part, to allow suit against a foreign corporation “only in those counties where such suit would be allowed if the said foreign corporation were a domestic corporation.” (Emphasis added.)
Section 6-3-7 provides:
“A foreign corporation may be sued in any county in which it does business by agent, and a domestic corporation may be sued in any county in which it does business by agent or was doing business by agent at the time the cause of action arose; provided, that all actions against a domestic corporation for personal injuries must be commenced in the county where the injury occurred or in the county where the plaintiff resides if such corporation does business by agent in the county of the plaintiffs residence.”
In Ex parte Hideaway Harbor Resort, Inc., 533 So.2d 563 (Ala.1988), a domestic corporation, organized and registered to do business in Winston County, was a co-defendant with various individuals and foreign corporations in suits filed in Walker County. Although the other defendants were properly sued in Walker County, Hideaway contended that venue in Walker County was improper as to it, and moved to have the cases transferred to Winston County. The trial judge refused, and this Court denied Hideaway’s petition for a writ of mandamus ordering the trial court to transfer.
In refusing Hideaway the relief it sought, we held:
“We agree with the respondents that Rule 82(c) [, A.R.Civ.P.,] controls in this situation....
“Domestic corporations may be joined with other parties pursuant to Rule 82(c) and sued in counties other than those where they are doing business at the time of the suit or were doing business at the time the cause of action arose. In Ex parte Owen, 437 So.2d 476 (Ala.1983), a domestic corporation doing business in DeKalb County was held to be properly joined in an action brought in Houston County, where venue was proper as to certain other defendants in the case. Similarly, in Ex parte Charles Bell Pontiac-Buick-Cadillac-GMC, Inc., 496 So.2d 774 (Ala.1986), this Court held that a domestic corporation doing business only in Macon County was properly joined in Montgomery County through Rule 82(c), because another individual de *999 fendant in the case was properly sued in Montgomery County.
“We hold that venue was proper in the cases at bar in Walker County because, although Hideaway is a domestic corporation, it was joined with other parties pursuant to Rule 82(c), and it is undisputed that venue was proper as to those other parties in Walker County.”
Ex parte Hideaway Resort, Inc., 533 So.2d at 564-65.
While the Hideaway decision deals with the question of proper venue in the context of a domestic corporation seeking a transfer, we think its holding is applicable to and dispositive of the instant case, where a foreign corporation maintains that venue is improper as to it. The 1987 amendment to § 232 specifically authorizes suit against a foreign corporation “only in those counties where suit would be allowed if the said foreign corporation were a domestic corporation.” (Emphasis added.)
Under the facts of the instant case, then, American Honda may be sued in the counties where suit would be allowed if American Honda were an Alabama corporation. Therefore, because American Honda is a co-defendant with other defendants pursuant to Rule 82(c), and because venue is proper as to those other defendants in Macon County, venue is proper in Macon County as to American Honda.
We hold that the trial court erred in granting American Honda’s motion to transfer. The Walkers’ petition for a writ of mandamus ordering the trial court to set aside its order of transfer is due to be, and it is hereby, granted.
Because the grounds for American Honda’s motion for transfer were limited to an interpretation of Amendment 473 (amending § 232, Ala. Const. 1901), we pretermit any consideration of American Honda’s alternative argument here relating to § 6-3-21.1 (forum non conveniens).
WRIT GRANTED.
HORNSBY, C.J., and ALMON, SHORES, ADAMS and KENNEDY, JJ., concur.
MADDOX and STEAGALL, JJ., dissent.