Sierra Development, Inc., filed a complaint in the Circuit Court of Jefferson County against Stephanie A. McAvoy and Ashville Savings Bank, alleging fraud and conversion relating to checks that had been taken from Sierra Development by Ms. McAvoy and deposited into her account with Ashville Savings. Sierra Development petitions for a writ of mandamus ordering Judge Claude Hughes of the Circuit Court of Jefferson County to revoke his order granting the motion of Ashville Savings to transfer the case to the Circuit Court of St. Clair County. The issue presented is whether Ashville Savings has shown that Jefferson County is an improper venue for this action.
Sierra Development, d/b/a Frigid Service Sales, employed Ms. McAvoy as a bookkeeper in Jefferson County, Alabama. During 1989, 1990, and 1991, Ms. McAvoy took checks made payable to, and endorsed by, Frigid Service Sales and deposited them into her personal account at Ashville Savings. Ashville Savings is a licensed banking institution with its main office in St. Clair County, and branch offices in St. Clair and Etowah Counties. Ms. McAvoy was convicted in the Jefferson County District Court of first degree theft of property (based on theft of the checks involved in this civil action) and was sentenced on April 24, 1992. Ms. McAvoy is a resident of St. Clair County.
In September 1993, Sierra Development filed a pre-action petition for discovery in the Circuit Court of St. Clair County, seeking disclosure of the bank records regarding Ms. McAvoy's account at Ashville Savings. In compliance with an order by the circuit court, the bank delivered the documents on January 19, 1994. On February 4, 1994, Sierra Development filed its fraud and conversion action. Ashville Savings moved to dismiss or, in the alternative, to transfer the action to the Circuit Court of St. Clair County. The motion alleged that the matter forming the *Page 253 
basis of the complaint occurred in St. Clair County; that Ms. McAvoy is a resident of St. Clair County; that Ashville Savings has its principal place of business in St. Clair County; and that Ashville Savings "does not do business by agent in Jefferson County." On July 6, 1994, Judge Hughes transferred the case to the Circuit Court of St. Clair County.
On a petition for a writ of mandamus ordering a court to set aside an order transferring a case, this Court must determine whether the lower court abused its discretion or judgment in transferring the case. Ex parte Wilson, 408 So.2d 94, 96
(Ala. 1981) (citing Ex parte Morrow, 259 Ala. 250, 66 So.2d 130
(1953)). This standard requires "a clear showing of error on the part of the trial judge." Ex parte Finance America Corp.,507 So.2d 458, 460 (Ala. 1987). In considering such a petition, we must determine "whether the lower court [had] sufficient facts before it to ascertain proper venue." Ex parte HarringtonMfg. Co., 414 So.2d 74, 75 (Ala. 1982). We must examine the facts relating to venue, because a transfer is appropriate only if the venue in which Sierra Development originally filed its action was improper. Ex parte Maness, 386 So.2d 429, 430
(Ala. 1980); Ala.R.Civ.P. 82(d)(1).
In an action against a person "having a permanent residence in this state" venue is proper "in the county where the defendant . . . resides, . . . except that if the action is a personal action other than an action on a contract, it may be brought either in the county where the act or omission complained of occurred, or in the county of the permanent residence of the defendant." Ala.R.Civ.P. 82(b)(1)(A);accord, Ala. Code 1975, § 6-3-2(a)(3). A claim alleging fraud or conversion is a "personal action" within the exception stated in the rule. Ex parte Lundy, 429 So.2d 998, 1000 (Ala. 1983).
Venue of an action against a domestic corporation is proper
 "in any county in which it does business by agent or was doing business by agent at the time the cause of action arose; provided, that all actions against a domestic corporation for personal injuries must be commenced in the county where the injury occurred or in the county where the plaintiff resides if such corporation does business by agent in the county of the plaintiff's residence."
Ala. Code 1975, § 6-3-7. A fraud claim is a "personal injury" claim. Ex parte Trans-South Financial Corp., 608 So.2d 385, 386
(Ala. 1992). However, "[d]omestic corporations may be joined with other parties pursuant to Rule 82(c) and sued in counties other than those where they are doing business at the time of the suit or were doing business at the time the cause of action arose." Ex parte Hideaway Harbor Resort, Inc., 533 So.2d 563,564-65 (Ala. 1988); see Ala.R.Civ.P. 82(c) (providing that "[w]here several claims or parties have been joined, the suit may be brought in any county in which any one of the claims could properly have been brought"). Therefore, if Jefferson County is a proper venue for either of the claims against Ms. McAvoy, then Rule 82(c) makes that venue proper as to Ashville Savings as well.[1]
Sierra Development's complaint against Ms. McAvoy and Ashville Savings alleges in the first count that "Defendant Stephanie A. McAvoy wrongfully and intentionally took checks . . . from the Plaintiff and deposited same in her personal checking account with Ashville Savings Bank in Ashville, Alabama." The second count incorporates this allegation and "avers that [defendant McAvoy's] conduct constitutes conversion." Conversion requires "a wrongful taking, an illegal assumption of ownership, or an illegal use or misuse of another's property." Gray v. Liberty Nat'l Life Ins. Co.,623 So.2d 1156, 1160 (Ala. 1993). Sierra Development's complaint alleges that Ms. McAvoy is liable to it for conversion. Venue, then, is proper in the county where the conversion by Ms. McAvoy is alleged to have occurred. *Page 254 
Sierra Development contends that Ms. McAvoy's conviction in Jefferson County for the theft of the checks conclusively establishes that the conduct alleged in this civil action to constitute conversion — the taking of the checks — occurred there. Ashville Savings presented no evidence to the contrary. Instead, it argues only that the complaint alleges a conversion that was committed by depositing the checks into Ms. McAvoy's personal account at Ashville Savings, not by a theft of the checks in Jefferson County. This is too narrow a reading of the complaint. The complaint alleges a wrongful taking "from the Plaintiff"; such a taking would have occurred in Jefferson County because that is where Ms. McAvoy was employed by Sierra Development. Moreover, the conviction in Jefferson County indicates that the conversion occurred there. The complaint therefore states a claim based on a conversion occurring in Jefferson County. Given Sierra Development's allegation of conversion, which makes Jefferson County a proper venue as to Ms. McAvoy, Rule 82(c) makes Jefferson County a proper venue as to both defendants.
The circuit court erred in transferring the action to St. Clair County. The plaintiff is entitled to the writ.
WRIT GRANTED.
MADDOX, HOUSTON, KENNEDY and COOK, JJ., concur.
[1] The provision of § 6-3-7 requiring that "all actions against a domestic corporation for personal injuries" be brought "in the county where the injury occurred or in the county where the plaintiff resides" does not change these conclusions. Rule 82(c) would control as to Ashville Savings if venue was proper in Jefferson County as to either of the claims against Ms. McAvoy. Hideaway Harbor Resort, supra.