SEE, Justice.
Larry E. Rowan and Kimberly J. Rowan filed a proposed class action against GE Capital Mortgage Services, Inc., in the Shelby Circuit Court. They have petitioned for a writ of mandamus directing Judge D. Al Crowson[1] to vacate his orders disallowing statewide discovery in that action. The Rowans filed their action to recover the statutory penalty provided by Ala.Code 1975, § 35-10-30, for GE Capital’s failure to file a satisfaction of their mortgage within 30 days after receiving payment in full accompanied by a written request that it make an entry in the Shelby County probate records showing that the mortgage was satisfied. Because discovery concerning mortgages recorded in counties other than Shelby County would not lead to relevant evidence, we deny the writ.
I.
The Rowans had borrowed money from GE Capital to purchase their Shelby County home, and the loan was secured by a mortgage on that home. In July 1996, the Rowans sold the home. The loan was paid in full from the proceeds of the sale, and the Rowans asked GE Capital to make an entry in the Shelby County probate records showing that the mortgage was satisfied and the lien released. GE Capital did not file the satisfaction within 30 days, as is required by Ala.Code 1975, § 35-10-27.
The Rowans, on their own behalf and on behalf of a putative class of others similarly situated, sued GE Capital, seeking to recover the $200 penalty established by § 35-10-30 for failure to record a satisfaction within 30 days after the mortgagor asks the mortgagee to do so. In order to support the bringing of a statewide class action, the Rowans sought discovery from GE Capital concerning its failure to file records of satisfaction of mortgages recorded in other counties. GE Capital refused to comply with the Rowans’ discovery request, and the Rowans filed a motion to compel GE Capital to provide the requested information. The trial court denied that motion, holding that the Rowans were entitled to discovery only of failures to satisfy mortgages recorded in Shelby County. The court reasoned that pursuant to Ala.Code 1975, § 35-10-30(b),[2] it *532 could hear only those causes of action involving failures to satisfy mortgages recorded in Shelby County. The Rowans then filed this petition for a writ of mandamus, arguing that the trial court abused its discretion in disallowing statewide discovery, because, they argue, § 35-10-30(b) is merely a venue provision, and, because venue is proper as to them, it is proper as to the entire putative class.
II.
A writ of mandamus is an extraordinary remedy, issued only upon the showing of: (1) a clear legal right in the petitioner to the order sought; (2) an imperative duty on the respondent to perform, accompanied by a refusal to do so; (3) the lack of another adequate remedy; and (4) the properly invoked jurisdiction of the court. See Ex parte Conference America, Inc., 713 So.2d 953, 955 (Ala.1998) (citing Ex parte Edgar, 543 So.2d 682, 684 (Ala.1989)). The Rowans would be entitled to a writ of mandamus only if it were clear that they are entitled to statewide discovery.
The right the Rowans seek to enforce exists only because of a statute, § 35-10-30(a). It did not exist at common law. That statute, establishing the right to bring an action to recover the penalty and strictly limiting where such an action may be brought, is a “statute of creation.” See Cofer v. Ensor, 473 So.2d 984 (Ala.1985) (holding that Alabama’s wrongful-death statute, Ala.Code 1975, § 6-5-410, was a statute of creation and that the two-year limitation set forth in that statute on the time allowed to bring an action alleging wrongful death was integral to the substantive right created by the statute and not, therefore, subject to tolling provisions). A limitation on a right of action, set forth in a statute of creation (typically, a limitation on the time in which the right may be exercised), is “‘so inextricably bound up in the statute creating the right that it is deemed a portion of the substantive right itself.’ ” Cofer, 473 So.2d at 987 (quoting Department of Revenue v. Lindsey, 343 So.2d 535, 537 (Ala.Civ.App.1977) (in turn citing 51 Am.Jur.2d Limitation of Actions § § 8,15, 22). Such limitations on the right of action must be strictly complied with. See id. at 992.
The Rowans argue that because the Shelby Circuit Court is the proper court to decide their claim, it is also the proper court to decide the claims of the members of the putative statewide class. Rule 82(c) provides that “[w]here several claims or parties have been joined, the suit may be brought in any county in which any one of the claims could properly have been brought.” However, the Alabama Constitution of 1901 prohibits the use of procedural rules to “abridge, enlarge or modify the substantive right of any party.” Ala. Const, of 1901, Amend. No. 328, § 6.11. Because § 35-10-30(b), requiring that “[a]ll actions for the recovery of the [statutory penalty] be brought in the county where such mortgage or other instrument is recorded,” is part of the substantive right to bring an action to recover the statutory penalty, it cannot be altered by the Alabama Rules of Civil Procedure.
The right conferred by § 35-10-30 is enforceable in the courts of one county and one county only — “the county where such mortgage ... is recorded.” § 35-10-30(b). Therefore, claims for the statutory penalty for failure to timely record the satisfaction of mortgages recorded in different counties may not be joined in one civil action. Because the Rowans are not entitled to maintain an action in Shelby County to recover the statutory penalty for a failure to timely satisfy a mortgage recorded in another county, their request for discovery relating to mortgages recorded in other counties is not reasonably calculated to lead to the discovery of evidence relevant to the subject matter involved in *533 this case. See Rule 26(b)(1), Ala. R. Civ. P. Therefore, the trial court properly denied the Rowans’ motion to compel.
III.
Because the Rowans are not entitled to maintain an action in Shelby County to recover the statutory penalty for any failures to timely satisfy mortgages recorded in other counties, and because discovery concerning recorded mortgages held by GE Capital in other counties would not lead to relevant evidence in this case, we deny the Rowans’ petition for a writ of mandamus.
WRIT DENIED.
HOOPER, C.J., and MADDOX and BROWN, JJ., concur.
HOUSTON, LYONS, and ENGLAND, JJ., concur in the result.
COOK and JOHNSTONE, JJ., dissent.

. This case has since been assigned to Judge G. Daniel Reeves.

. Section 35-10-30(b) provides that "[a]ll actions for the recovery of the penalties men *532 tioned in this article [i.e., Article 2, 'Satisfaction of Mortgage Liens’] shall be brought in the county where such mortgage or other instrument is recorded.”