HARWOOD, Justice.
The petitioners, Fontaine Trader Company (“Fontaine”) and International Truck and Engine Corporation (“International”), defendants in an action pending in the Wilcox Circuit Court, seek a writ of mandamus from this Court .ordering the trial court to transfer the underlying case to the Winston Circuit Court. The background of the case, and the parties and claims involved in it, are as follows.
On February 22, 2001, Freddie Curry (“Curry”) was killed in a vehicular collision that occurred in Orange County, Texas. At the time of his death he was a resident of Wilcox County, Alabama, and was driving a tractor-trailer truck for his employer, Hornady Truck Line, Inc. (“Hornady”), an Alabama corporation. Hornady was the owner of the tractor-trailer unit. The other vehicle involved in the collision was another tractor-trailer truck operated by Charles Thomas Parker (“Parker”), who was likewise an employee of Hornady. International had manufactured the truck-tractor driven by Curry, and Fontaine had manufactured the trailer component. On July 2, 2001, an action was filed in the Wilcox Circuit Court “pursuant to the Wrongful Death Statute and the Survival Statute of Texas.” [1] The plaintiffs were Angela Taylor, suing on behalf of her and Curry’s son, Freddie Curry, Jr., a minor; Kimberly Murphy, suing individually as Curry’s daughter and also as the proposed administratrix of his estate; and Richard Curry, suing as Curry’s father. Freddie Curry, Jr., was a resident of Butler County, Alabama, but Murphy and Richard Curry are residents of Wilcox County. The defendants were Parker, Hornady, International, and Fontaine. Parker is a resident of Georgia; Hornady is an Alabama corporation, with its home office located in Monroeville, Alabama; International is a Delaware corporation having its principal place of business in Illinois; and Fontaine is also a Delaware corporation, but its principal place of business is in Haleyville in Winston County, Alabama. The plaintiffs asserted various claims of negligence and wantonness against Parker and Hor-nady and product-liability claims against International and Fontaine. The plaintiffs also made a claim on behalf of Freddie Curry, Jr., against “the defendants” for workers’ compensation benefits. That latter claim was subsequently focused so as to target only Hornady. Although International and Fontaine initially challenged the “standing” of the plaintiffs other than Angela Taylor to bring claims against *73 them under Texas law, that issue is not presented in their petitions to this Court. Rather, they seek relief pursuant only to that aspect of their respective change-of-venue motions filed in the trial court seeking a transfer of the action from the Wilcox Circuit Court to the Winston Circuit Court, where Fontaine had its principal place of business. They contend that venue is improper as to them in Wilcox County under the controlling venue statute, § 6-3-7, Ala.Code 1975. Subsection (a) of that Code section provides as follows:
“(a) All civil actions against corporations may be brought in any of the following counties:
• “(1) In the county in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of real property that is the subject of the actions is situated; or
“(2) In the county of the corporation’s principal office in this state; or
“(3) In the county in which the plaintiff resided, or if the plaintiff is an entity other than an individual, where the plaintiff had its principal office in this state, at the time of the accrual of the cause of action, if such corporation does business by agent in the county of the plaintiffs residence; or
“(4) if subdivisions (1), (2), or (3) do not apply, in any county in which the corporation was doing business by agent at the time of the accrual of the cause of action.”
in their petitions for a writ of mandamus, International and Fontaine argue that subsection (a)(1) would not apply, because the vehicular collision and Curry’s resulting death occurred in Texas; that (a)(2) would apply as to Fontaine, but would make -venue proper only in Winston County; that (a)(3) would not apply to either International or Fontaine because neither does business by agent in Wilcox County; and that (a)(4) would not apply because neither was doing business by agent in Wilcox County at the time of the accrual of the cause of action. They both moved the trial court to transfer the case to Winston County.
Hornady and Parker filed with the trial court a motion to dismiss, asserting that the, Alabama Workers’ Compensation Act provided the exclusive remedy as to them, and stating generally “[tjhese Defendants also contend that venue in Wilcox County is improper.” No explanatory averment was made and, in particular, there was no assertion that Hornady did not do business in Wilcox County. Initially, by order of October 10, 2001, the trial judge granted the motion as to Hornady and denied it as to Parker, but he subsequently vacated that order and “reinstated” the tort claims asserted against Hornady under theories of negligence, willfulness, recklessness, and wantonness; vicarious liability and negligent entrustment; negligent maintenance and repair; and negligent supervision, hiring, and' training. Hornady remains a defendant in the case.[2] On April 5, 2002, Hornady petitioned this Court for a writ of mandamus directing the trial court to grant its motion to dismiss, assert *74 ing as- its sole ground the exclusivity-of-remedy rule of the Alabama Workers’ Compensation Act. No issue of venue was raised by that petition. It was denied on May 9, 2002, without an opinion, (No. 1011318), and Hornady’s motion for reconsideration was denied on June 27, 2002, again without an opinion. Hornady has not joined in the present petitions for writs of mandamus filed by International and Fontaine.
“The burden of proving improper venue is on the party raising the issue and on review of an order transferring or refusing to transfer, a writ of mandamus will not be granted unless there is a clear showing of error on the part of the trial judge.” Ex parte Finance America Corp., 507 So.2d 458, 460 (Ala.1987). “ ‘The burden of proof on factual issues in a venue dispute is upon the party or' parties challenging venue in the forum.’ Ex parte Wiginton, 743 So.2d 1071, 1074 (Ala. 1999).” Ex parte Jim Burke Auto., Inc., 776 So.2d 118, 121 (Ala.2000). As noted earlier, a petitioner for a writ of mandamus is obliged to provide with the petition “copies of any order or opinion or parts of the record that would be essential to an understanding of the matters set forth in the petition.” Rule 21(a), Ala. R.App. P. In the event the petition is not denied, the respondent is directed to file an answer to the petition, which provides the respondent with an “opportunity to supplement the ‘record’ by attaching exhibits of its own.... ” Ex parte Miltope Corp., 522 So.2d 272, 273 (Ala.1988). In considering a mandamus petition relating to a ruling on a motion for a change of venue, “[o]ur review is ... limited to those facts that were before the trial court.” Ex parte National Sec. Ins. Co., 727 So.2d 788, 789 (Ala.1998). See also Ex parte American Res. Ins. Co., 663 So.2d 932 (Ala.1995), and Ex parte Moore, 642 So.2d 457 (Ala.1994). Although in Ex parte Miltope Corp., supra, the phrase quoted above continued- on to say that the supplementing exhibits filed by the respondent “should ordinarily include only matters submitted to the trial court,” 522 So.2d at 273 (emphasis supplied), the circumstances of that case were sufficiently unique so as to warrant a partial suspension of the rule to allow the respondent to submit to this Court affidavits that had not been before the trial court at the time of its ruling. Specifically, in that case “the trial court ruled in [the respondents’] favor before the time set for hearing on the motion for change of venue, and before [the respondent] submitted its evidence in opposition, thus obviating the necessity for [the respondent] to submit any such evidence.” 522 So.2d at 273. In the present case, no party was “cut off’ from placing pertinent matters before the trial court; we, therefore, adhere to the rule that we will consider only those facts that were before the trial court at the time it made its ruling.
The trial court actually entered five successive rulings: As already noted, on October 10, 2001, it granted Hornady’s dismissal motion while denying Parker’s motion. On November 20, 2001, it denied the motions of International and Fontaine for a dismissal, a change of venue, and/or severance. In that order the court took the position that “under Rule 82 of the Ala. R. Civ. Pro., venue that is proper as to one defendant is proper as to all defendants” and concluded that, venue being proper as to Hornady (and Parker who was then still in the case), venue in Wilcox County was proper as to all defendants. The court noted that the plaintiffs claimed that Hor-nady “does business by agent in Wilcox County,” which would satisfy venue as to it pursuant to § 6-3-7(a)(3) and that “[t]he Defendants have presented no evidence to establish that Hornady Truck Line, Inc., does not do business in Wilcox County.” *75 Noting that the party challenging venue has the burden of showing that venue in the forum was improper, the court concluded that “the defendants have failed to meet their burden in this regard,” finding, as a result, that “venue is proper in Wilcox County as to Defendant Hornady Truck Line, Inc.” On December 26, 2001, however, the court entered an order vacating the November 20, 2001, order, noting that the parties had represented to it that they “would have taken the deposition of Charles Parker and firmed up the facts relative to the Court’s in personam jurisdiction over him on January 30, 2002.”[3] The court set the matter for final argument on January 31, 2002. On February 12, 2002, the court vacated its October 10, 2001, order granting Hornady’s motion to dismiss and reinstated certain tort claims asserted against Hornady. Finally, on May 10, 2002, the court entered an order denying “[t]he Defendants’ motions to dismiss, motions to change venue, and motions to sever,” but ordering separate trials on the tort claims and on the workers’ compensation claims.
With respect to the facts we will consider in reviewing these petitions, it is appropriate to note the following: In support of their position that venue is proper in Wilcox County, the plaintiffs seek to have us consider a deposition taken of International’s “product integrity engineer,” on July 12, 2002; some materials retrieved from International’s Internet Web site on July 26, 2002; and an invoice from Earnest Boyd d/b/a Pine Hill Supply, in Pine Hill, Wilcox County, Alabama, bearing a logo reading “International Parts & Service-Associate Dealer.” In its brief in response to the plaintiffs’ answer to its petition, International submits as exhibits an affidavit from Ernest Boyd and a “second” deposition of Parker taken August 8, 2002. An earlier deposition of Parker, taken January 9, 2002, is already a part of the materials submitted as exhibits to International’s petition.
With the exception of the Pine Hill Supply invoice, the dates of those new submissions all show on their face that they were not generated until after the trial court’s last order, dated May 10, 2002 (entered by the court clerk on May 17, 2002). The Pine Hill Supply invoice was never presented to the trial court, as far as any of the materials submitted to us suggest, and the plaintiffs do not so suggest. Thus, we disregard all of these “after-the-fact” materials in our analysis of the petitions for writs of mandamus.
In its submissions to the trial court, International contended that “none of the corporate Defendants do business by agent in Wilcox County.” Fontaine likewise asserted that neither it nor International did business by agent or otherwise in Wilcox County and that “even if the court were to consider Hornady Truck Line as a proper defendant, upon information and belief, Hornady does not do business by agent within Wilcox County, Alabama, either.” Although International and Fontaine carried their initial burden of showing that they did not do business in Wilcox County, by properly submitted affidavits to that effect, as far as we can tell from the materials before us no proof was ever offered concerning whether Hornady did or did not do business in Wilcox County. As noted, Hornady itself made an initial, naked assertion in its motion to dismiss that venue in Wilcox County was improper, but it never specifically asserted that it did not do business in Wilcox County. *76 Furthermore, Hornady apparently abandoned its venue challenge after its motion to dismiss was denied by the trial court and this Court denied its petition for a writ of mandamus. International states in a footnote to its “reply” brief that “[n]o evidence was shown at the trial court level that the Defendant, Hornady Truck Line, did business by agent in Wilcox County.” However, it may be equally stated that “no evidence was shown at the trial court level that Defendant, Hornady Truck Line, did not do business by agent in Wilcox County.” The burden of proof in that regard being upon International and Fontaine, our review must proceed upon the assumption that venue was proper as to Hornady in Wilcox County.
The proper method for obtaining review of a denial of a motion for a change of venue in a civil action is by way of a petition for a writ of mandamus. Ex parte Alabama Great Southern R.R., 788 So.2d 886 (Ala.2000).
“Mandamus is a drastic and extraordinary remedy and is appropriate only when the petitioner can show (1) a clear legal right to the order sought; (2) an imperative duty upon the respondent to perform, accompanied by a refusal to do so; (3) the lack of another adequate remedy; and (4) the properly invoked jurisdiction of the court.”
Ex parte State ex rel. C.M., 828 So.2d 291, 293 (Ala.2002). The plaintiffs’ position with regard to the propriety of venue in Wilcox County as to International and Fontaine is that, because venue is proper as to Hornady, it is derivatively proper as to Fontaine and International pursuant to Rule 82(c), Ala. R. Civ. P. Rule 82(c) states:
“(c) Where several claims or parties have been joined, the suit may be brought in any county in which any one of the claims could properly have been brought. Whenever an action has been commenced in a proper county, additional claims and parties may be joined, pursuant to Rules 13, 14, 22, and 24, as ancillary thereto, without regard to whether that county would be a proper venue for an independent action on such claims or against such parties.”
International and Fontaine argue to the contrary, asserting that this procedural rule cannot be allowed to affect their right to insist upon a venue proper under § 6-3-7.
Helpful to a better understanding of the respective rationales for the positions taken by the parties, and also to our analysis and disposition of the issues presented, is the following chronology of pertinent constitutional provisions, statutes, Rule 82, and caselaw.
Before it was amended in 1988, § 232, Art. XII, Ala. Const, of 1901, provided, in pertinent part:
“No foreign corporation shall do any business in this state without having at least one known place of business and an authorized agent or agents therein, and without filing with the secretary of state a certified copy of its articles of incorporation or association. Such corporation may be sued in any county where it does business, by service of process upon an agent anywhere in the state.”
The current version of § 6-3-7, Ala.Code 1975, as set out earlier in this opinion, was enacted by the Legislature effective July 24, 1999. The version of that Code section in effect before that amendment read as follows:
“A foreign corporation may be sued in any county in which it does business by agent, and a domestic corporation may be sued in any county in which it does business by agent or was doing business by agent at the time the cause of action *77 arose; provided, that all actions against a domestic corporation for personal injury must be commenced in the county where the injury occurred or in the county where the plaintiff resides if such corporation does business by agent in the county of the plaintiffs residence.”
(Emphasis supplied.) That version of § 6-3-7 appeared in the Code of Alabama in essentially the same form for over 100 years preceding its 1999 revision.
Section 232 of the Constitution “has been held to be mandatory and restrictive, not permissive; that is, a qualified foreign corporation may be sued only where it is doing business at the time suit is filed.” Ex parte Miltope Corp., supra, 522 So.2d at 272.
In 1973, the Alabama Rules of Civil Procedure were adopted, including Rule 82(c). On December 27, 1973, Amendment 328 to the Constitution was ratified. Section 6.11 of that amendment provides:
“The supreme court shall make and promulgate rules governing the administration of all courts and rules governing practice and procedure in all courts; provided, however, that such rules shall not abridge, enlarge or modify the substantive right of any party nor affect the jurisdiction of circuit and district courts or venue of actions therein; and .provided, further, that the right of trial by jury as at common law and declared by section 11 of the Constitution of Alabama 1901 shall be preserved to the parties inviolate. These rules may be changed by a general act of statewide application.”
In Roland Pugh Mining Co. v. Smith, 388 So.2d 977 (Ala.1980), eight members of this Court held that, in an action for personal injuries against two domestic corporations, Rule 82(c) would serve to make venue proper in a county where the two domestic corporations did not do business by agent, because venue was otherwise proper in that county as to a defendant foreign corporation. The Court noted that Rule 82(c) “is subject to the limitation that a foreign corporation may not be sued in a county in which it does not do business, regardless of whether it is sued jointly with someone as to whom venue is good in that county,” because of the limitation found in § 232 of the Constitution, but that “ ‘[tjhere is no constitutional provision prohibiting a suit against a domestic corporation in a county where it is not doing business.’ ” 388 So.2d at 978-79 (quoting Louisville & N.R.R. v. Strickland, 219 Ala. 581, 585, 122 So. 693, 697 (1929)). The domestic-corporation defendants had argued that the proviso in § 6-3-7 relating to personal-injury actions, utilizing the imperative term “must,” was “mandatory and compels the conclusion that all actions for personal injury against a domestic corporation must be brought either in the county where the injury occurred, or where the plaintiff resides if the corporation does business by agent in the latter county.” 388 So.2d at 979. The Roland Pugh Court agreed that the defendants’ interpretation was “a correct interpretation of the statute where a domestic corporation is the sole defendant.” 388 So.2d at 979. The Court held, however, that where a domestic corporation was joined as a defendant in a case brought in a venue not proper as to it but proper as to one or more of its code-fendants, the situation was different. The Court cited, and quoted from, cases it had decided in 1906 and 1929, establishing the rule that an action could be brought against a domestic corporation not doing business in the forum county when venue was proper in that county for an individual joint defendant. The Court quoted Louisville & N.R.R., 219 Ala. at 585, 122 So. at 697, for the proposition that “ ‘[fit is immaterial in this respect whether the joint *78 defendant properly sued in the county is an individual or a corporation388 So.2d at 979. Accordingly, the Court concluded that Rule 82(c) “simply restates the statutes as heretofore construed by this Court.” 388 So.2d at 979.
This principle was reaffirmed in Ex parte Hideaway Harbor Resort, Inc., 533 So.2d 563, 564-65 (Ala.1988):
“Domestic corporations may be joined with other parties pursuant to Rule 82(c) and sued in counties other than those where they are doing business at the time of the suit or were doing business at the time the cause of action arose. In Ex parte Owen, 437 So.2d 476 (Ala.1983), [which cited Roland Pugh Mining Co. as its authority] a domestic corporation doing business in DeKalb County was held to be properly joined in an action brought in Houston County, where venue was proper as to certain of the defendants in the case. Similarly, in Ex parte Charles Bell Pontiac-Buick-Cadillac-GMC, Inc., 496 So.2d 774 (Ala.1986), this Court held that a domestic corporation doing business only in Macon County was properly joined in Montgomery County through Rule 82(c), because another individual defendant in the case was properly sued in Montgomery County.”
Therefore, the Hideaway Harbor Court concluded that venue was proper in Walker County in the breach-of-contract and fraud action because Hideaway Harbor, a domestic corporation, “was joined with other parties pursuant to Rule 82(c), and it is undisputed that venue was proper as to those other parties in Walker County.” 533 So.2d at 565. The Court noted two cases cited by Hideaway Harbor as contrary to that proposition, but distinguished them on the basis that
“[t]he corporation was the only defendant in those two cases; because no other defendants were involved in those actions, the provisions for the joinder of claims did not apply. Transfer was, therefore, proper in those cases, on a showing that the defendants were not doing business in the county in which they were sued.”
533 So.2d at 565. See also Ex parte Sierra Dev., Inc., 652 So.2d 251, 253 (Ala.1994) (“‘[d]omestic corporations may be joined with other parties pursuant to Rule 82(c) and sued in counties other than those where they are doing business at the time of the suit or were doing business at the time the cause of action arose’ ” (quoting Hideaway Harbor, 533 So.2d at 564^65)).
Pursuant to enabling legislation introduced in 1987 and ratified April 1, 1988, § 232, Ala. Const, of 1901, was amended by Amendment No. 473 to read, in pertinent part, as follows:
“Any foreign corporation, whether or not such corporation has qualified to do business in this state by filing with the secretary of state a certified copy of its articles of incorporation or association may be sued only in those counties where such suit would be allowed if the said foreign corporation were a domestic corporation.”
“The Alabama Constitution of 1901, as amended by Amendment No. 473, makes venue the same for domestic and foreign corporations and requires that they be treated identically for venue purposes.” Ex parte Allen, 655 So.2d 962, 963 (Ala.1995). In Ex parte Walker, 554 So.2d 996 (Ala.1989), this Court was called upon to consider the interaction of Amendment No. 473; § 6-3-7, Ala.Code 1975, as it read in 1989; and Rule 82(c). The case involved a personal-injury claim filed in the Macon Circuit Court against an individual who was a resident of Macon County and American Honda Motor Company, a foreign corporation having its principal *79 place of business in California. The plaintiffs were residents of Montgomery County and the underlying automobile accident occurred in Autauga County. American Honda moved to transfer the case to the Autauga Circuit Court, submitting an affidavit attesting that American Honda had never done business in Macon County. Because there was no dispute that venue was proper in Macon County as to the individual defendant, the plaintiffs contended that venue was also proper there as to American Honda. American Honda argued that the combined effect of § 232, as amended by Amendment No. 473, and § 6-3-7 was to place proper venue only in Autauga County, where the injury occurred, or Montgomery County, where the plaintiff resided. In disagreeing with American Honda’s position, this Court stated:
“Proper venue with respect to a foreign corporate defendant in Alabama is determined by Ala. Const.1901, as amended, § 232, and Ala.Code 1975, § 6-3-7. Before the adoption in 1987 of Amendment 473, amending § 232, that section allowed suit against a foreign corporation only ‘in [a] county where [the foreign corporation] does business,’ even if the foreign corporation was a co-defendant with a domestic corporation. Ex parte Harrington Mfg. Co., 414 So.2d 74 (Ala.1982). Amendment No. 473, however, changed § 232, in part, to allow suit against a foreign corporation ‘only in those counties where such suit would be allowed if the said foreign corporation were a domestic corporation.’ (Emphasis added [in Walker].)
“In Ex parte Hideaway Harbor Resort, Inc., 533 So.2d 563 (Ala.1988), a domestic corporation, organized and registered to do business in Winston County, was a co-defendant with various individuals and foreign corporations in suits filed in Walker County. Although the other defendants were properly sued in Walker County, Hideaway contended that venue in Walker County was improper as to it, and moved to have the cases transferred to Winston County. The trial judge refused, and this Court denied Hideaway’s petition for a writ of mandamus ordering the trial court to transfer.
“In refusing Hideaway the relief it sought, we held:
“ ‘We agree with the respondents that Rule 82(c)[, AR.Civ.P.,] controls in this situation....
“ ‘Domestic corporations may be joined with other parties pursuant to Rule 82(c) and sued in counties other than those where they are doing business at the time of the suit or were doing business at the time the cause of action arose. In Ex parte Owen, 437 So.2d 476 (Ala.1983), a domestic corporation doing business in DeKalb County was held to be properly joined in an action brought in Houston County, where venue was proper as to certain other defendants in the case. Similarly, in Ex parte Charles Bell Pontiac-Buickr-Cadillac-GMC, Inc., 496 So.2d 774 (Ala.1986), this Court held that a domestic corporation doing business only in Macon County was properly joined in Montgomery County through Rule 82(c), because another individual defendant in the ease was properly sued in Montgomery County.
“ We hold that venue was proper in the cases at bar in Walker County because, although Hideaway is a domestic corporation, it was joined with other parties pursuant to Rule 82(c), and it is undisputed that venue was *80 proper as to those other parties in Walker County.’
“Ex parte Hideaway Resort, Inc., 533 So.2d at 564-65.
“While the Hideaway decision deals with the question of proper venue in the context of a domestic corporation seeking a transfer, we think its holding is applicable to and dispositive of the instant case, where a foreign corporation maintains that venue is improper as to it. The 1987 amendment to § 232 specifically authorizes suit against a foreign corporation ‘only in those counties where suit would be allowed if the said foreign corporation were a domestic corporation.’ (Emphasis added [in Walker].)
“Under the facts of the instant case, then, American Honda may be sued in the counties where suit would be allowed if American Honda were an Alabama corporation. Therefore, because American Honda is a co-defendant with other defendants pursuant to Rule 82(c), and because venue is proper as to those other defendants in Macon County, venue is proper in Macon County as to American Honda.
“We hold that the trial court erred in granting American Honda’s motion to transfer. The Walkers’ petition for a writ of mandamus ordering the trial court to set aside its order of transfer is due to be, and it is hereby, granted.”
554 So.2d at 998-99.
In their petitions, International and Fontaine urge this Court to overrule Ex parte Walker, and to adopt the rationale of Justice Maddox’s dissent in that case. Justice Maddox had this to say:
“If I understand the reasoning of the majority, it is based upon the reasoning that, even though Amendment No. 473 states that a suit can be filed against a foreign corporation ‘only in those counties where such suit would be allowed if said foreign corporation were a domestic corporation’ and even though § 6-3-7[, Ala.Code 1975,] provides that ‘all actions against a domestic corporation for personal injuries must be commenced in the county where the injury occurred or in the county where the plaintiff resides if such corporation does business by agent in the county of the plaintiffs residence,’ this Court’s Rule 82(c), Ala. R. Civ. P., is controlling.
“The power of this Court, by a rule of procedure, to affect the venue of actions has always been troubling. Amendment 328, § 6.11, which grants this Court rule-making power, specifically states ‘that such rules shall not abridge, enlarge or modify the substantive right of any party nor affect the jurisdiction of circuit or district courts or venue of actions therein.’ (Emphasis added [in Walker].) Section 6.11 also provides that the rules adopted by the Court ‘may be changed by a general act of statewide application.’
“The so-called ‘tort reform’ legislation, a general act of statewide application, dealt significantly with the question of the proper venue of civil lawsuits. This action is controlled by some of that legislation, and the trial court was well within its power to order the transfer of this action to Autauga County, in my judgment, on two grounds: (1) The foreign corporation was not doing business by agent in Macon County, and had not done business by agent in the county, and (2) Section 6-3-21.1 (adopting the doctrine of forum non conveniens) authorized a transfer even if venue was otherwise proper in Macon County.
“Because of the pervasive action by the Legislature in the field of venue of civil actions, I question the continued viability of Rule 82(c), Ala. R. Civ. P., *81 and the cases construing it, some of which I have authored.[1]
“It appears to me that the Legislature has preempted the field of venue of civil actions, and that any rule of this Court that would authorize a contrary result would itself be in contravention of the Constitution.
554 So.2d at 999-1000.
More recently, in a series of cases addressing special venue provisions incorporated by the Legislature in general statutes of statewide application, this Court has concluded that the respective enactments evidenced a clear intent by the Legislature to exercise the authority accorded it by § 6.11 of Amendment No. 328, pursuant to which any rules promulgated by this Court governing the administration of courts, and the practice and procedure in all courts, “may be changed by a general act of statewide application.” In Ex parte Alabama Power Co., 640 So.2d 921 (Ala.1994), the Court held that Ala.Code 1975, § 6-3-11, which provides that venue for all civil actions “for damages for personal injury, death, or property damage filed against a county or against a municipality shall be in the county or in the county within which the municipality is located or in the county in which the act or omission complained of occurred,” prevented resort to Rule 82(c). (Emphasis supplied.) The enactment of that special venue provision in 1987 was held to have “effectively prevented the application of the venue provision of Rule 82(c) to claims against municipalities, because that rule clearly conflicts with the legislative mandate of § 6 — 3—11.” 640 So.2d at 924. In Ex parte McDonald, 804 So.2d 204 (Ala.2001), the Court reached the same result regarding the provision in § 6-3-11 for venue when a county is sued as a defendant. In Ex parte Kennedy, 656 So.2d 365 (Ala.1995), and Ex parte Father Walter Memorial Child Care Center, 656 So.2d 369 (Ala.1995), decided the same day, the Court héld that the 1987 general statute of statewide application subsequently codified as Ala.Code 1975, § 6-5-546, represented another example of the Legislature’s resort to its authority under Amendment No. 328, § 6.11, Ala. Const, of 1901, to change Rule 82(e) as to a particular situation. Section 6-5-546 uses mandatory language, just as does § 6-3-11, in providing that medical-malpractice actions against a health-care provider “must be brought in, the county wherein the act or omission constituting the alleged breach of the standard of care by the defendant actually occurred.” (Emphasis supplied.) Stating that the “legislative intent” behind that language was clear, the Court concluded that “any action against a health care provider based on an alleged breach of the standard of care must be brought in the county where the act or omission complained of actually occurred,” and that “[a]s to those cases in which § 6-5-546 is applicable, ... its provisions supersede the provisions of Rule 82(c).” Kennedy, supra, 656 So.2d at 368. In Ex parte City of Greensboro, 730 So.2d 157 (Ala.1999), relying on Ex parte Alabama Power Co., supra, the Court reaffirmed its position that .Rule 82(c) would not apply to claims against municipalities, because that rule clearly conflicted with the legislative mandate of § 6-3-11. Finally, in Ex parte Rowan, 774 So.2d 530 (Ala.2000), the Court held that the special venue provisions of Ala.Code 1975, § 35-10-30(b), requiring that all actions for the recovery of the statutory penalty for failure of a mortgagee to file a . satisfaction of record of a mortgage paid in full “shall be' brought in the county where such mortgage or other instrument is recorded,” precluded resort *82 to Rule 82(c). (Emphasis supplied.) (Four members of the Court, concurring in the main opinion, relied on the proscription in § 6.11 of Amendment No. 828 against the use of procedural rules to “abridge, enlarge, or modify the substantive right of any party,” concluding that the venue provision was a substantive right because it was a part of a “statute of creation.” 774 So.2d at 532. Justice Houston, concurring in the result, deemed the better rationale to be a rebanee on that portion of § 6.11 providing “that such rules shall not ... affect ... venue of actions ...774 So.2d at 533.)
In its petition and its reply brief in this Court, Fontaine quotes from a footnote in Ex parte Blount, 665 So.2d 205, 208 n. 1 (Ala.1995), containing the statement “[moreover, Rule 82(c) does not apply to corporations.... ” That statement, however, was pure dictum as to the issues in Blount and was made in the context of a discussion of the circumstances in Ex parte Townsend, 589 So.2d 711 (Ala.1991). In Townsend, Rule 82(c) was never implicated because venue was improper as to all of the defendants; there was, consequently, no occasion to consider pendent venue. In Blount, the plaintiffs son was killed in a bicycle accident in Madison County. The plaintiff, a resident of Baldwin County, filed a wrongful-death action in Baldwin County against an individual, three foreign corporations, and his own uninsured-/un-derinsured-motorist insurance carrier. The individual and one of the foreign corporations moved to transfer the action to Madison County, where the accident occurred. The trial court granted that motion, but this Court granted the plaintiffs petition and issued a writ of mandamus, ordering the case transferred back to Baldwin County. The Court noted that a special venue statute, § 6-3-5, Ala.Code 1975, allowed for the insurance carrier to be sued in Baldwin County, as the county “ ‘where the holder of the pobcy or certificate resides.’ ” 665 So.2d at 207. Given that venue was thus proper as to one defendant, venue was held to be proper also as to the individual defendant pursuant to Rule 82(c). As to the three defendants who were foreign corporations, the Court noted that the interaction between § 6-3-7, Ala. Code 1975, and Amendment No. 473 to § 232 was such that 6-3-7 would apply to the foreign corporate defendants. The result was that the wrongful-death action, being one for “personal injuries” under § 6-3-7, could be brought, pursuant to the proviso, against a domestic corporation “in the county where the injury occurred or in the county where the plaintiff resides if such corporation does business by agent in the county of plaintiff’s residence.” (Emphasis supplied.) This Court held that venue was proper as to the three corporate defendants under the alternative venue provision of § 6-3-7 emphasized above.
The statement in the footnote in Ex parte Blount that “Rule 82(c) does not apply to corporations,” 665 So.2d at 208 n. 1, was erroneous in its overbreadth even before the 1999 revision of § 6-3-7, because as discussed earher, this Court had held on numerous occasions that Rule 82(c) could serve to control venue for a domestic corporate defendant. Blount does contain some analysis pertinent to the treatment of the issues in this case, however. In Blount, the petitioning foreign corporation argued that the plaintiff had failed to present evidence before the trial court to show that any of the three corporate defendants did business in Baldwin County and that, therefore, venue was proper only in Madison County, where the injury occurred. Rejecting that argument, this Court pointed out:
“It was not Blount’s burden to prove that the defendants did business in *83 Baldwin County, until the defendants first established as a basis for the transfer that they did not do business there. Because the defendants failed to carry their burden of proof, the burden never shifted to Blount.”
665 So.2d at 209.
In the present case, International and Fontaine did prove that they did not do business in Wilcox County but there was no proof submitted to the trial court as to whether Hornady did, or did not, do business in that county. Consequently, as previously discussed, International and Fon-taine failed to carry their burden of proof in that regard, and the burden never shifted to the plaintiffs.
Act No. 99-249, which amended § 6-3-7, Ala.Code 1975, so as to reconstitute it into the version set forth earlier in this opinion, stipulated that “[t]his act shall apply to all civil actions commenced or filed after the effective date of this act,” i.e., after July 24, 1999. Until today, this Court has had no occasion to consider the interaction between the “new” § 6-3-7 and Rule 82(c), Ala. R. Civ. P. It is readily apparent, however, that the new § 6-3-7 eliminates the distinctions appearing in the former version between venue for foreign corporations and venue for domestic corporations. In conformity with the provision of Amendment No. 473 that foreign corporations “may be sued only in those counties where such suit would be allowed if the said foreign corporation were a domestic corporation,” § 6-3-7 now provides the same venue rules for both foreign and domestic corporations. Furthermore, whereas the former § 6-3-7 stated that “all actions against a domestic corporation for personal injuries must be commenced in the county where the injury occurred or in the county where the plaintiff resides if such corporation does business by agent in the county of the plaintiffs residence” (emphasis supplied), the amended version applies to “[a]ll civil actions against corporations,” across the board, without any special treatment for personal-injury actions. Rather, the current version of § 6-3-7 states that “[a]ll civil actions against corporations may be brought in any of the following counties” (emphasis supplied). When § 6-3-7 was rewritten in 1999, there existed the well-established body of law discussed above, establishing clearly that a domestic corporation might be sued in a county in which it did not do business by agent, despite the strictures of former 6-3-7 in that regard, by virtue of the pendent venue allowed by Rule 82(c). It is an ingrained principle of statutory construction that “[t]he Legislature is presumed to be aware of existing law and judicial interpretation when it adopts a statute. Ex parte Louisville & N.R.R., 398 So.2d 291, 296 (Ala.1981).” Carson v. City of Prichard, 709 So.2d 1199, 1206 (Ala.1998). “ ‘It is a settled rule that in the adoption of the Code the Legislature is presumed to have known the fixed judicial construction preexisting statutes had received, and the substantial re-enactment of such statutes is a legislative adoption of that construction.’ ” Wood-Dickerson Supply Co. v. Cocciola, 153 Ala. 555, 557, 45 So. 192, 192 (1907) (quoting Morrison v. Stevenson, 69 Ala. 448, 450 (1881)). “It is a familiar principle of statutory interpretation that the Legislature, in enacting new legislation, is presumed to know the existing law.” Blue Cross & Blue Shield of Alabama, Inc. v. Nielsen, 714 So.2d 293, 297 (Ala.1998). Nothing in the language of § 6-3-7 as rewritten by the Legislature in 1999 suggests that the Legislature was attempting to change the well-established principle that venue as to domestic corporations was subject to the application of Rule 82(c).
*84 International and Fontaine draw our attention to the statement contained in the “Committee Comments on 1973 Adoption” of Rule 82, that “subdivision (c) cannot be applied in a suit against a foreign corporation so as to violate the constitution.” They also point to references to that particular comment in Ex parte Alabama Power Co., supra, 640 So.2d at 924, and Ex parte Father Walter Memorial Child Care Center, supra, 656 So.2d at 371. Suffice it to say that the committee comments were made before § 232 of the Constitution had been revised by Amendment No. 473 so as to remove the unique venue status theretofore constitutionally accorded foreign corporations, substituting the rule that a foreign corporation could be sued in any county where an action would be “allowed” if the foreign corporation were a domestic corporation. As discussed, there is a well-developed body of precedent from this Court “allowing” an action to be brought against a domestic corporation in a venue otherwise improper as to it, so long as venue is proper as to one or more of its joint defendants. In this case, venue is proper in Wilcox County as to Hornady under § 6-3-7(a)(3) because Wilcox is the county in which three of the plaintiffs reside (i.e., Curry’s daughter, suing as such and also in her capacity as putative admin-istratrix, and Curry’s father) and is the county in which Hornady is deemed, for the reasons discussed above, to have been doing business by agent. Thus, if International and Fontaine were domestic corporations, they could be joined as defendants with Hornady in Wilcox County pursuant to Rule 82(c). See Roland Pugh Mining Co., Ex parte Owen, Ex parte Charles Bell Pontiac-Buick-Cadillac-GMC, Inc., 496 So.2d 774 (Ala.1986), Ex parte Hideaway Harbor Resort, and Ex parte Walker. As expressed in Roland Pugh Mining Co., whereas § 232, Ala. Const, of 1901, was deemed to afford a foreign corporation the constitutional right to be sued only in a county where it did business, “ ‘[tjhere is no constitutional provision prohibiting a suit against a domestic corporation in a county where it is not doing business.’ ” 388 So.2d at 979 (quoting Louisville & N.R.R. v. Strickland, 219 Ala. at 585, 122 So. at 697). With the advent of Amendment No. 473, a foreign corporation may be sued in any county where the suit “would be allowed” if the foreign corporation had been a domestic corporation.
International makes the argument that “we must assume that the Alabama legislature was aware of Rule 82(c) and purposely did not include Rule 82(c)’s joinder provisions in the revised venue statute.” Subsection (c) of revised § 6-3-7 does take note of Rule 82(c), however, stating that “[ajnything to the contrary in Rule 82(c) of the Alabama Rules of Civil Procedure notwithstanding, in any action against a corporation, venue must be proper as to each and every named plaintiff joined in the action, unless the plaintiffs shall establish” various conditions, all of which, although not challenged by International or Fontaine, are present in this case. Accordingly, not only must we “assume that the Alabama legislature was aware of Rule 82(c),” we have express confirmation of that fact. We do not draw the same inference from that fact as does International, however. Rather, we deem it to be a reasonable implication from the totality of § 6-3-7 that the Legislature, although explicitly aware of Rule 82(c), and presumably. aware of the long-standing judicial application of it so as to “allow” the actions against a domestic corporation in counties where they were not doing business by agent, chose to allow that well-established principle to continue unaffected.
In summary, when § 6-3-7 was rewritten in 1999, eliminating the mandatory proviso in its predecessor, but preserving *85 the concepts that venue as to a domestic corporation (and a foreign corporation) would be proper in the county where the injury occurred or in the county where the plaintiff resided if the corporation did business by agent in that county and that a corporation might be sued in any county in which it did business by agent at the time the cause of action arose, there existed an unbroken line of cases allowing domestic corporations to be sued in any county where venue was proper as to a codefen-dant. Amendment No. 473 to § 232, Ala. Const, of 1901, eliminated the disparate treatment of foreign and domestic corporations for venue purposes, providing that foreign corporations could be sued in any county “where such suit would be allowed if the said foreign corporation were a domestic corporation.” When Amendment No. 473 was proposed in 1987 and ratified in 1988, actions against a domestic corporation were allowed in any county where venue was proper as to a codefendant pursuant to Rule 82(c). Section 6-3-7 carried forward the constitutional revamping pursuant to which all corporations would be subject to the venue rules applicable to domestic corporations. Given the procedural posture of this case before the trial court, venue was to be presumed proper as to Hornady in Wilcox County. According to International and Fontaine the same venue treatment as would be proper if they were domestic corporations and recognizing that venue would have been allowed in Wilcox County pursuant to Rule 82(c) if they had been domestic corporations, venue became proper as to them. Rule 82(c) does not “affect the ... venue of actions,” in violation of Amendment No. 328, § 6.11 of the Constitution, but rather, at the time of its promulgation in 1973, it simply stated the existing rule of practice. Although the Legislature is authorized by § 6.11 to change any rule of procedure by a general act of statewide application, we do not find any clear legislative intent evidenced by the 1999 revision of § 6-3-7 to change the established effect and application of Rule 82(c). Rather, given the Legislature’s knowledge of that effect and application at the time it revised § 6-3-7 so as to bring forward some of the venue principles established by its predecessor, it may be assumed the Legislature intended to allow the established practice to continue. Certainly nothing in the text of § 6-3-7 as revised indicates any intent on the part of the Legislature to change that established practice.
Consequently, under the set of facts presented by the materials submitted to us in this case, venue was proper as to Hornady and, pursuant to the pendent venue provision of Rule 82(c), proper as to International and Fontaine, the same as if they were domestic corporations. Accordingly, we deny their petitions.for a writ of mandamus ordering the trial court to transfer the case to Winston County.
PETITIONS DENIED.
HOUSTON, SEE, LYONS, BROWN, JOHNSTONE, WOODALL, and STUART, JJ., concur.
MOORE, C.J., concurs in the result.

. See Tex. Civ. Prac. & Rem. Code Ann., § 71.001 et seq., and § 71.021 (Vernon 1997).

. There are references in the briefs to this Court to the effect that Parker has been dismissed as a defendant, but none of the "copies of any order or opinion or parts of the record that would be essential to an understanding of the matters set forth in the' petition,” as prescribed by Rule 21(a) of the Alabama Rules of Appellate Procedure, confirm that fact. Nonetheless, in the various filings and submissions with this Court, the parties never allude to any continuing involvement of Parker in the case, and they do not predicate any of their arguments on his status as a continuing codefendant.

. Although no copy of any motion challenging the circuit court’s in personam jurisdiction as to Parker is included in the submissions to this Court, indirect references reflect that such a challenge was made.

“1 See, e.g., Ex parte Hideaway Harbor Resort, Inc., 533 So.2d 563 (Ala.1988).”